UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA:       :
                                                :
   -vs-                                :       No. 3: CR-16-152
                                                :
JOSIAH FERREBEE,          :
            Defendant :
                                                :

## GOVERNMENT'S RESPONSE TO DEFENDANT'S PETITION FOR RELEASE

On or about June 14, 2016, the defendant was charged in an indictment with production and attempted production of child pornography, 18 U.S.C. Section 2251(a) and (e), and enticement of a minor to engage in sexual activity for which any person could be charged with a crime, 18 U.S.C. Section 2422(b). After his arrest on a criminal complaint, the defendant was ordered detained at his initial appearance. Subsequent to his arrest, the defendant through counsel filed a motion for a mental evaluation, which has been completed. That evaluation determined that the determined that the defendant was competent to stand trial.

The defendant, through counsel, has filed a "Motion for Pre-trial Release." In the motion, the defendant sets forth his age, education, and some medical information. He requests release on home detention at his mother's residence, and pledges to have no contact with any devices that connect with the Internet.

The government, for the reasons set forth below, strongly opposes the request for pre-trial release.

The production of child pornography offense is punished by a mandatory minimum 15-year prison sentence and a potential maximum sentence of 30 years in prison. The enticement of a minor offense is punishable by a mandatory minimum 10 years in prison and a potential maximum sentence of life in prison. Therefore, under the Bail Reform Act, 18 U.S.C. § 3142, there is a presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community . . . . . ." (See 18 U.S.C. § 3142(e)(3)(B)). Congress has determined that sexual crimes against minors are so serious that there is a presumption against release in such cases.

The factors this Court must consider in determining whether or not to release the defendant from detention pending trial are set forth in 18 U.S.C. Section 3142(g).  The government respectfully submits that those factors reinforce the presumption that this defendant should be detained pending trial.

1. <u>**The nature and circumstances of the offense, including whether the offense involves a minor victim**</u>.

The charges in this matter stem from an investigation conducted by special agents from Homeland Security Investigations (HSI). That investigation revealed the following:

    1.    On February 11, 2016, the victim (15-years-old) was interviewed by Detective Ritter of the Grand Traverse County Sheriff's Office.  THE VICTIM advised Det. Ritter that she was home on January 26, 2016, in her living room sitting on the couch when she received a message from somebody that she does not know named "jokester".  THE VICTIM didn't remember the full user name, but remembered the title of it: "killing myself".  THE VICTIM stated that during the conversation, the person was asking her to take photos of herself, which

she did.  THE VICTIM advised that she gave him information about herself and he threatened to post it if she didn't give more information or send pictures.  THE VICTIM stated that while she was inside the bathroom, in response to his request she did take photos of herself without her clothes on to include photos of her breasts and vagina.  THE VICTIM also stated that the individual wanted her to do certain things to herself, which included using scissors to cut herself, and she complied with the request.

    2.    Forensic analysis of THE VICTIM's Apple iPod (model ME179), which was utilized to have this conversation, revealed images of THE VICTIM that she took of herself and sent to the individual utilizing the name "killing myself".  These photos of THE VICTIM included images of herself with no clothes on and images of her vagina and bare breasts.  The conversation between THE VICTIM and "killing myself" started on January 26, 2016, at 18:34 hours Eastern Standard Time and ended on January 26, 2016, at 20:14 hours Eastern Standard Time.  Agents reviewed the thread of text messages as well as the images "killing myself" instructed THE VICTIM to send and discovered

several images depicting child pornography. Agents also viewed the following text messages and images:

    a. 1/26/16 @19:06:13 EST Received: Take a close up pic of one of your nipples
1/26/16 @ 19:06:33 EST Sent: Why the fuck
1/26/16 @ 19:06:37 EST Received: Take the pic now
1/26/16 @ 19:06:41 EST Sent: Please don't make me do this
1/26/16 @ 19:06:47 EST Received: Next time you talk. I post all no exceptions.
1/26/16 @ 19:07:03 EST Received: If no reply with the pic within 10 seconds. I post
1/26/16 @ 19:07:17 EST Sent: (image of THE VICTIM's nipple)

    b. 1/26/16 @ 19:08:16 EST Received: Take a pic of your full body naked
1/26/16 @ 19:08:56 EST Sent: (image of THE VICTIM fully unclothed and nude standing in front of bathroom mirror and slightly off to the one side)
1/26/16 @ 19:09:18 EST Received: Show full body. Not just half. Retake pic
1/26/16 @ 19:09:40 EST Sent: (image of THE VICTIM fully unclothed and nude standing in front of bathroom mirror)

5

   c. 1/26/16 @ 19:10:06 EST Received: Take a pic of your vagina. Place camera between ur legs
      1/26/16 @ 19:10:35 EST Sent: (image of THE VICTIM's vagina)
      1/26/16 @ 19:10:46 EST Received: Spread ur vagina open and take a pic of the inside
      1/26/16 @ 19:11:06 EST Sent: (image of a close up of THE VICTIM's vagina)

   d. 1/26/16 @ 19:13:02 EST Received: Take a pic of ur toothbrush
      1/26/16 @ 19:13:18 EST Sent: (image of an orange toothbrush)
      1/26/16 @ 19:13:36 EST Received: Place your toothbrush in your vagina as far as it goes and take a pic
      1/26/16 @ 19:13:58 EST Received: The longer I wait. The more pic.
      1/26/16 @ 19:14:01 EST Received: Pics
      1/26/16 @ 19:14:30 EST Received: Hurry up
      1/26/16 @ 19:14:34 EST Sent: (image of the orang toothbrush inside of THE VICTIM's vagina)
      1/26/16 @ 19:14:59 EST Received: Does it hurt. Yes or no
      1/26/16 @ 19:15:10 EST Sent: Yes

   e. 1/26/16 @ 19:16:12 EST Received: Take a pic of a straightener (for hair)

    1/26/16 @ 19:16:41 EST Sent: (image of hair straightener)
    1/26/16 @ 19:17:01 EST Received: Place the handle of the straightener into your vagina and take a pic
    1/26/16 @ 19:17:50 EST Sent: (image of the hair straightener inside of THE VICTIM's vagina)
    1/26/16 @ 19:18:02 EST Received: Does it hurt. Yes or no
    1/26/16 @ 19:18:15 EST Sent: Yes

f. 1/26/16 @ 19:31:32 EST Received: Make the cut bigger and on your nipple. Show full boob. Retake
    1/26/16 @ 19:32:06 EST Received: Hurry up
    1/26/16 @ 19:32:38 EST Sent: (image of THE VICTIM's breast with what appears to be a cut or blood alongside the nipple)
    1/26/16 @ 19:33:02 EST Received: Make the cut bigger. I should see a drop of blood
    1/26/16 @ 19:33:07 EST Received: Retake
    1/26/16 @ 19:33:22 EST Received: The longer I wait.  The more pics.
    1/26/16 @ 19:33:24 EST Sent: (image of THE VICTIM's breast with what appears to be a spot of blood or some type of red substance next to the nipple)
    1/26/16 @ 19:33:38 EST Received: Does it hurt. Yes or no
    1/26/16 @ 19:33:42 EST Sent: yes it fucking hurts

    g. 1/26/16 @ 19:36:52 EST Received: Place the scissors in your vagina and take a pic
1/26/16 @ 19:37:35 EST Sent: (image of a close up of THE VICTIM's vagina with the sharp end of the scissors inside her vagina)
1/26/16 @ 19:38:11 EST Received: Show your full body with the scissors in your vagina. Sit on the floor with legs spread
1/26/16 @ 19:38:54 EST Sent: (image of THE VICTIM fully nude, sitting on the floor with the sharp end of the scissors inserted into her vagina)

    4. On June 3, 2016, agents interviewed Josiah Ferrebee, age 19, at his residence in Pine Grove, PA. Ferrebee agreed to be interviewed and was not taken into custody. Ferrebee was shown the above text messages and admitted that he used the name "killing myself" and sent the above messages to the 15-year-old victim. Ferrebee admitted that he manipulated the 15-year-old girl into sending him pornographic images of herself (as described above) by threatening to post earlier images sent to him. He stated that he does this with 15-year-olds and younger girls because they are easier to manipulate. Ferrebee further stated that he has engaged in similar conduct with at least five other girls aged 15 and

younger—the youngest being age 13. He admitted to being sexually aroused by such images.

The nature and circumstances of the offenses are lurid, disgusting, and frightening. The defendant manipulated a young girl into sexually abusing herself and sending images of that abuse to him. He threatened to post the early images unless she took more lurid and disgusting photos and sent them to him—what is called "sextortion." In his confession, the defendant stated that he looked for younger girls, ages 13-15, because they were easier to manipulate. He confessed to engaging in this conduct with at least five other young girls.

The seriousness of these offenses is indicated by the mandatory minimums and potential penalties associated with the offenses.

Thus, the first factor the Court must consider, the nature and circumstances of the offense, weighs in favor of detaining the defendant.

2. <u>The weight of the evidence</u>.

As recited above, the weight of the evidence is strong. The evidence of the chats—on both the victim's and Ferrebee's computers—and the images that the victim sent to the defendant show

unmistakably that the defendant committed the offenses of production and attempted production of child pornography and sexual enticement of a minor. Furthermore, the defendant confessed to this conduct and admitted to doing it with at least five other minor victims.

In summary, the weight of the evidence is strong and this factor, too, supports the continued detention of the defendant.

### 3. The history and characteristics of the defendant.

This factor includes the defendant's family ties, employment, length of residence in the community, community ties, past conduct, history of drug use, criminal history, record concerning court appearances, and whether at the time of the current offense, the defendant was on probation or release pending trial for another offense.

The defendant is a young man who nevertheless has engaged in horrible criminal activity involving the sexual abuse of at least six minor victims. In his confession, he stated that he deliberately sought out young victims because they were easier to manipulate than older girls or women.

The history and characteristics of the defendant, and the evidence provided by the defendant in support of them, are insufficient to rebut the presumption of detention.

3. <u>The nature and seriousness of the danger to any person or the community</u>.

The defendant poses a serious danger to the community, especially minor females, if released. He has already confessed to manipulating at least six young girls into taking sexually explicit photos of themselves and sending them to him. He has already confessed to engaging in "sextortion," whereby he threatened to post sexually explicit photos of the young girls online unless that took and sent him even more photos. The chats show that he viciously manipulated one victim into cutting herself with scissors, placing scissors inside of her vagina, placing a hair straightener inside her vagina, and other terrible conduct. Despite the victim's pleas for him to stop making her sexually abuse herself and send him photos, he responded, "Next time you talk I post all. No exceptions." The chats also reveal the defendant's sadistic nature. After he demands that she place the various objects inside her vagina or cut herself, he


repeatedly asked, "Does it hurt? Yes or no?" In another instance, he tells the victim to make a cut bigger because he wants to see a drop of blood.

This factor further reinforces the presumption against his release.

Based on all of the above, the government respectfully but strongly urges the court to deny the defendant's motion for pretrial release.

Respectfully submitted,

<u>/s/ Francis P. Sempa</u>
Francis P. Sempa
Assistant U.S. Attorney
ID #47220
Suite 311, Federal Building
P.O. Box 309
Scranton, PA 18501
(570) 348-2800
(570) 348-1908
Fran.sempa@usdoj.gov

Dated: December 1, 2016

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on December 1, 2016, she served a copy of the attached:

## GOVERNMENT'S RESPONSE TO DEFENDANT'S PETITION FOR RELEASE

by electronic filing to the following:

Christopher J. Osborne, Esq.

/s/ Luann Manning
Luann Manning
Supervisory Legal Assistant