Josiah Ferrebee
1371 North Washington Avenue
Scranton, Pennsylvania 18509

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

16cR152

| | |
|---|---|
| UNITED STATES OF AMERICA : | FILED SCRANTON |
| -VS- : | MAR 2 4 2017 |
| JOSIAH FERREBEE : | Per_____ DEPUTY CLERK |

## PRO SE MOTION TO WITHDRAW COUNSEL

AND NOW, comes the Defendant, Josiah Ferrebee, who respectfully presents to this Honorable Court the following Motion to Withdraw Counsel and in support thereof, avers as follows:

1. That on or about June 03, 2016, the Defendant in the above-captioned matter was arrested and charged with Title 18, United States Code, Section 2251 (a) and (e) and Title 18, United States Code, Section 2242 (b).

2. The Honorable Joseph F. Saporito appointed Christopher Osborne as counsel for the Defendant.

3. It is the Defendant's belief that the attorney, Christopher Osborne, does not have the Defendant's best interest at hand.

4. The Defendant's attorney has put in multiple motions without advising the Defendant that a motions were put in without the Defendant's consent.

5. These motions include sending the Defendant to Seatac, Washington for

a physicological evaluation without any legal representation. The Defendant's 6th Amendment of the United States Constitution was violated, the right to have the assistance of counsel.

6. It has been over eight (8) months since the Defendant's Indictment. Attorney Christopher Osborne has not given the Defendant his whole discovery yet.

7. The Defendant has requested several times for the discovery, including requesting and filing *Pro Se* for his discovery and has yet to recieve any discovery from his attorney.

8. The Defendant has respectfully requested that his attorney come see him several times to discuss his case and show him the discovery. There is supposed pictures that the Defendant has yet to see. The Defendant has sent several letters requesting to see him and has yet to recieve any reply from Mr. Osborne.

9. The Defendant believes that his attorney, Mr. Osborne, does not have his best interest in hand, as the Defendant has requested multiple times for Mr. Osborne to put in Suppression Motions and has yet to recieve anything on the issue.

10. It is the Defendant's belief that he can not recieve a fair and just trial as the Defendant believes that Mr. Osborne has him guilty based off the affidavit of probable cause and without sight of the discovery.

11. The Defendant is calling into question his attorney's integrity, honesty, and ability to practice law, due that the Defendant's atttorney has lied about what the law, including that the Defendant does not have the right to

counsel.

12. The Defendant believes that the attorney/client relationship has become so strained that they can no longer work together in regards to the Defendant's defense.

13. The Defendant wishes to withdraw Christopher Osborne as counsel for the Defendant, as he does not have the Defendant's best interest in hand.

14. The Defendant is respectfully requesting that this Honorable Court appoint a new pro bono attorney for the Defendant.

**WHEREFORE,** it is respectfully requested that this Honorable Court grant this motion to withdraw the Defendant's Counsel.

Respectfully Submitted,

Josiah K Ferrebee, Defendant



How is representation provided to poor criminal defendants where you live? Is there a public defender? Does the system work?

take the stand and testify if they wish. (In other countries, defendants in criminal cases are *required* to testify.) Defense attorneys often counsel their clients not to take the stand for their own protection. For example, a defendant does not have to answer an inappropriate question if her attorney objects to it and the judge sustains, or agrees with, that objection. This is true for all witnesses, but once a defendant takes the stand, the prosecutor can use anything she says to elicit contradictory and harmful statements that can be used against her.

Related to the right against self-incrimination is the concept of immunity. Being granted immunity means that a witness cannot be prosecuted based on any information provided in a testimony. However, a person with immunity must answer all questions—even those that are incriminating. Prosecutors often use these laws to force people to testify against codefendants or others involved in the crime.

## Problem 14.5

a. Suppose you are a defense attorney. What are the advantages and disadvantages of having a criminal defendant testify at trial?

b. If you were a member of the jury in a criminal trial, what would you think if the defendant refused to testify? Would you be affected by the judge's instruction not to draw any conclusion from this?

c. If a defendant is forced to stand in a lineup, give a handwriting sample, or take an alcohol breath or urine test, does this violate the privilege against self-incrimination?

d. Do you think that U.S. law should be changed so that defendants are required to testify in criminal cases? Explain.

## Right to an Attorney

The Sixth Amendment provides that "In all criminal prosecutions, the accused shall enjoy the right to ... have the Assistance of Counsel for his defence." At one time, this meant that, except in capital cases—those involving the death penalty or life imprisonment—a defendant had the right to an attorney only if he or she could afford one. However, in 1938, the U.S. Supreme Court required the federal courts to provide an attorney to defendants who could not afford one. In *Gideon v. Wainwright* (1963), the Supreme Court extended this right to state defendants, whether in state or federal court. In 1972, the Supreme Court further extended this ruling by requiring that no imprisonment may occur, even in misdemeanor cases, unless the accused is given an opportunity to be represented by an attorney.





Visit the Landmark Supreme Court Case Web site at landmarkcases.org for information and activities about *Gideon v. Wainwright*.

In a criminal trial, the state (the people) is represented by a prosecutor who is a lawyer. In addition, the prosecutor's office has other resources, including investigators, to help prepare the case against the accused.

To Mr. Christopher Osbrone, ~~Tuesday, February 24, 2017~~

~~I am respectfully requesting that you put in a motion to Judge James Munley to withdraw yourself as counsel~~, as it is appearant you do not have by best intrest at hand. ~~I have requested that you multiple times, multiple documents and have yet~~ to recieve them, as it is my Constitutional Right to have. ~~I have also requested that you clarify information you have told me and have yet to recieve any response on the matter~~. It is clear that you do not have my best interest at hand. ~~It has now been over eight months without my discovery. You have requested it only 3 times within the last eight months. It is my belief that you do not truly want to see my discovery.~~ *Requested but never filed through Clerk's Office* There is no reason why I should not have it. I am personally questioning your integrity, honesty, and ability to practice law. It is my belief that our relationship has become so strained that we can no longer work together with regards to my defense. I would like for you to send me all documents of my case, as ~~it is my wishes to withdraw you as counsel. I am finally respectfully requesting that you withdraw~~ and you request to the Honorable Court to appoint me a new pro bono attorney for my defense, as it is my Constitutional Right to obtain one.

Respectfully,

Josiah Ferrebee

```
...........................................................................................
UNITED STATES OF AMERICA     :

         -VS-                :           3:16-CR-152
                             :
JOSIAH FERREBEE              :
...........................................................................................
```

## CERTIFICATE OF SERVICE

I, Josiah Ferrebee, Defendant, hereby affirm that I did serve a true and correct copies of *PRO SE MOTION TO WITHDRAW COUNSEL* and other documents to the following persons in the matter stated:

Christopher Osbrone, Esq.
Osborne Law, LCC
329 Penn Ave, Suite 200
Scranton, Pennsylvania 18503

First class U.S. mail, postage prepaid, on Tuesday; March 21, 2017.

Federal Office of the Clerks
William J. Nealon Federal Building
P.O. Box 309
235 North Washington Avenue
Scranton, Pennsylvania 18501

First class U.S. mail, postage prepaid, on Tuesday; March 21, 2017.

Honorable Judge James Munley
Judge's Chambers
William J. Nealon Federal Building
P.O. Box 309
235 North Washington Avenue
Scranton, Pennsylvania 18501

First class U.S. mail, postage prepaid, on Tuesday; March 21, 2017.

Respectfully Submitted,

Josiah Ferrebee

To Whom It May Concern,                                    3/21/17

Please find enclosed a Pro Se motion to withdraw counsel, a letter to my attorney dated February 21, 2017, a certificate of service, and a "Right to an Attorney" paper. I would like them all filed with your office and a copy of all returned to me as soon as possible. Your time and effort is greatly appreciated.

Respectfully,

Josiah Ferrebee
Defendant
3:16-CR-152

Josiah Ferrbee

Lackawanna County Prison
1371 North Washington Ave.
Scranton, PA 18509

RECEIVED
SCRANTON
MAR 24 2017
PER___ DEPUTY CLERK

Federal Cle
William J.
235 N. (
Scranton, P

CONTENTS MAILED FROM
A CORRECTIONAL FACILITY