1

```
1              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
2

3   UNITED STATES OF AMERICA :
                             :
4                            :
                             :
5       vs                   :    16-CR-152
                             :
6                            :
                             :
7   JOSIAH FERREBEE          :
                             :
8                            :

9

10
        BEFORE:      THE HONORABLE JOSEPH F. SAPORITO
11                   UNITED STATES MAGISTRATE JUDGE

12      PLACE:       COURTROOM NO. 1

13      PROCEEDINGS: RULE 5

14      DATE:        JUNE 3, 2016

15

16

17  APPEARANCES:

18  For the United States:

19  FRANCIS P. SEMPA, ESQ.
    U.S. ATTORNEY'S OFFICE
20  235 N. WASHINGTON AVENUE
    3RD FLOOR
21  SCRANTON, PA 18503

22  For the Defendant:

23  CHRISTOPHER J. OSBORNE, ESQ.
    OSBORNE LAW, LLC
24  329 PENN AVENUE
    SUITE 202C
25  SCRANTON, PA 18503
```

2

1      THE COURT:  Good afternoon, everyone.  We're here in

2  the matter of the United States versus Josiah Ferrebee.  Is

3  that how you pronounce your name?

4      THE DEFENDANT:  Josiah.

5      THE COURT:  Ferrebbe; is that correct?

6      THE DEFENDANT:  Yes.

7      THE COURT:  Mr. Ferrebee, would you be kind enough to

8  stand and raise your right hand, please?

9      JOSIAH FERREBEE, called as a witness, being duly

10  sworn, testified as follows:

11  BY THE COURT:

12  Q.    Please be seated.  Thank you.  Sir, you are here today

13  because you are charged with certain felonies by a complaint

14  supported by an affidavit.  As a result of those criminal

15  charges filed against you, this is a hearing pursuant to rule

16  five of the federal rules of criminal procedure, and you will

17  be advised of certain rights.  Do you understand that, sir?

18  A.    Yes.

19  Q.    Your first right is you have the right to remain silent.

20  You are not required to make a statement.  However, anything

21  you say at this proceeding may be used against you in any

22  subsequent court proceeding.  Do you understand that?

23  A.    Yes.

24  Q.    And would you state your name and your age, please, for

25  the record?

3

1  A.    Josiah Ferrebee, age 19.

2  Q.    I presume that you both speak and understand the English

3  language; is that correct?

4  A.    Yes.

5  Q.    Do you have a copy of the complaint?

6  A.    Yes.

7  Q.    All right.  Did you see the supporting affidavit as well?

8  A.    Yes.

9  Q.    All right.  Now, in this proceeding you'll be advised of

10  the charges against you as well as your constitutional rights

11  and your right to counsel.  We will set further hearings in the

12  case and make a determination whether you will be released or

13  detained while the case is pending.  Do you understand that,

14  sir?

15  A.    Yes.

16  Q.    Now, do you have any physical or mental conditions that

17  may impair your ability to participate in or otherwise this

18  Court proceeding?

19  A.    I'm diabetic.  That's everything.

20  Q.    Does that interfere with your ability to understand the

21  nature of this proceeding?

22  A.    No.

23  Q.    All right.  Have you taken any medication, drugs, alcohol

24  or other substance that may impair your ability to participate

25  in or otherwise understand this Court proceeding?

4

1  A.   No.

2  Q.   Now, you may consult with an attorney, to be represented

3  by an attorney at all stages of the proceedings both in and out

4  of court.  Do you understand that?

5  A.   Yes.

6  Q.   Your attorney may be present during questioning by the

7  authorities.  Do you understand that?

8  A.   Yes.

9  Q.   Now, are you able to afford an attorney?

10  A.   There is one pending right now.

11  Q.   Okay.

12  A.   I am not sure what the status of it is.

13  Q.   Is it your desire I appoint for you now while this matter

14  is pending?

15  A.   Yes.

16  Q.   I see you've completed a financial affidavit.  Are the

17  statements that you made in the affidavit true and correct?

18  A.   Yes.

19  Q.   Based upon the information provided in the affidavit, I

20  will appoint Christopher J. Osborne to represent you for the

21  remainder of these proceedings.  If at any time you do retain

22  private counsel, I would ask that you advise first Mr. Osborne

23  so that he can prepare the necessary paperwork to allow for his

24  withdrawal of your representation and that your new counsel

25  will then enter his or her appearance.  Do you understand that,

5

1  sir?

2  A.    Yes.

3  Q.    All right.  Now, the government has filed a complaint

4  charging you with certain crimes.  I will ask Mr. Sempa from

5  the United States Attorney's Office to summarize those charges

6  as well as to state the maximum possible penalties for the

7  charges.  Mr. Sempa?

8          MR. SEMPA:  Yes, Your Honor.  He's charged with a

9  violation of Title 18 United States Code Section 2251, which is

10 production of child pornography.  That charge carries a

11 mandatory minimum sentence of 15 years in prison, a potential

12 maximum sentence of 30 years in prison, a fine of up to

13 $250,000, at least five years, up to a life term of supervised

14 release that would follow any prison sentence and a $100

15 special assessment.

16         He's also charged with a violation of Title 18 United

17 States Code Section 2422 B., which is using a means or facility

18 of interstate commerce to persuade or coerce a minor to engage

19 in sexual activity for which any person can be charged.  That

20 charge carries a mandatory minimum sentence of 10 years in

21 prison, a potential maximum sentence of life in prison, a fine

22 of up to $250,000, at least five years, up to a life term of

23 supervised release and a $100 special assessment.

24 BY THE COURT:

25 Q.    Mr. Ferrebee, do you understand the charges against you?

6

1  A.    Yes.

2  Q.    Do you understand the maximum possible penalties?

3  A.    Yes.

4  Q.    All right.  Now, under certain circumstances you have the

5  right to a preliminary hearing, and the purpose of the

6  preliminary hearing is to determine whether probable cause

7  exists to believe that an offense has been committed and that

8  you may have committed it.  If such a finding is made, you will

9  be required to appear for further court proceedings.  Do you

10 understand that?

11 A.    Yes.

12 Q.    Now, the preliminary hearing may be waived, that is you

13 may give up your right to a preliminary hearing and before

14 doing so you may consult with counsel.  Do you understand that?

15 A.    Yes.

16 Q.    If you waive the hearing, you will be required to appear

17 for further court proceedings.  Do you understand had that?

18 A.    Yes.

19 Q.    Now, I advise you that the preliminary hearing will not

20 take place if an indictment is returned or an information is

21 filed before the date of the preliminary hearing.  Do you

22 understand that?

23 A.    Yes.

24 Q.    You're advised the date of your preliminary hearing is set

25 for Wednesday, June 15th, 2016 at 10 a.m. here in this

7

1  courtroom in this courthouse.  Do you understand that?

2  A.    Yes.

3  Q.    Now, you're also advised you may be eligible for pretrial

4  release.  Is there an agreement regarding conditions for

5  release?

6         MR. SEMPA:  There is not, Your Honor.  The government

7  is moving for detention pending trial in this matter.  And I

8  have spoken briefly with Mr. Osborne, and it's my understanding

9  that at this point he is going to be -- the defendant will be

10  waiving a detention hearing, reserving his right to raise the

11  issue should his circumstances change.

12         MR. OSBORNE:  Yes, Your Honor.  I have spoken to

13  pretrial services.  There's no conditions that exist now.

14  There's no land line at the house.  And they haven't had the

15  opportunity to review what the living situation would be.  So

16  at this point we are going to waive -- hopefully have a land

17  line installed in his house, and I will be able to move for

18  release at a future date.

19  BY THE COURT:

20  Q.    Okay.  Under the Bail Reform Act of 1984 you have the

21  right to have a detention hearing as early as today if you'd

22  like.  However, counsel for the government and your counsel

23  have indicated to me it's your desire today to waive without

24  prejudice your right to have a detention hearing.  So that

25  means that you may in the future request that we reconvene for

8

1  a detention hearing and the issues will be reserved for that

2  point in time.  Do you understand that?

3  A.    Yes.

4  Q.    If you elect to have a detention hearing, the government

5  could present evidence in the form of a proffer which means

6  they can summarize testimony as to what they feel would be

7  grounds to detain you.  Or on the other hand, they can present

8  live testimony, and you -- at which time you would have the

9  right to cross-examine that through -- those witnesses through

10  your counsel.  Do you understand that?

11  A.    Yes.

12  Q.    And in addition to that, you also would have the right to

13  testify on your own behalf and to present testimony through

14  live witnesses or by way of proffer as well, which is a

15  summarization of what witnesses would testify to.  Do you

16  understand that?

17  A.    Yes.

18  Q.    All right.  Knowing that, is it your desire then to you're

19  going to waive or give up your right to a detention hearing

20  today?

21  A.    Yes.

22  Q.    All right.  Very well.  Under those circumstances then you

23  will be remanded to the custody of the United States marshal,

24  and then we will perhaps see you at some point in the future as

25  this case progresses.  Do you understand that?

9

1    A.    Yes.

2    Q.    All right.

3              THE COURT:  Anything further from counsel?

4              MR. SEMPA:  No, Your Honor.

5              THE COURT:  Very well.  We're adjourned.  Thank you.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

10

1                        REPORTER'S CERTIFICATE

2

3      I, Laura Boyanowski, RMR, CRR, Official Court Reporter for

4  the United States District Court for the Middle District of

5  Pennsylvania, appointed pursuant to the provisions of Title 28,

6  United States Code, Section 753, do hereby certify that the

7  foregoing is a true and correct transcript of the

8  within-mentioned proceedings had in the above-mentioned and

9  numbered cause on the date or dates hereinbefore set forth; and

10  I do further certify that the foregoing transcript has been

11  prepared by me or under my supervision.

12

13

14                        _____
                          Laura Boyanowski, RMR, CRR
15                        Official Court Reporter

16  REPORTED BY:

17      LAURA BOYANOWSKI, RMR, CRR
        Official Court Reporter
18      United States District Court
        Middle District of Pennsylvania
19      235 N. Washington Avenue
        Scranton, PA  18503
20

21          (The foregoing certificate of this transcript does not
    apply to any reproduction of the same by any means unless under
22  the direct control and/or supervision of the certifying
    reporter.)

23

24

25