IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　　　　　　Plaintiff<br><br>vs.<br><br>JOSIAH FERREBEE<br><br>　　　　　　　　　　Defendant | No. 3:16-CR-152<br><br>Honorable James M. Munley |

**BRIEF IN SUPPORT OF MOTION OF DEFENDANT, JOSIAH FERREBEE TO DISMISS FOR FAILURE OF THE UNITED STATES TO COMPLY WITH THE SPEEDY TRIAL ACT**

Respectfully submitted,

/s/ Joseph A. O'Brien
Joseph A. O'Brien, Esq.
Attorney I.D. No.: 22103
OLIVER, PRICE & RHODES
1212 S. Abington Road, PO Box 240
Clarks Summit, PA 18411
Phone: (570) 585-1200
Fax: (570) 585-5100
Email: jaob@oprlaw.com

## **PROCEDURAL HISTORY AND STATEMENT OF FACTS**

Defendant, Josiah Ferrebee ("Ferrebee") was charged in a criminal complaint filed in the United States District Court for the Middle District of Pennsylvania on June 3, 2016. The United States charged him with persuading a minor to engage in sexual activity for purposes of producing visual depiction in violation of 18 U.S.C. Section 2251(a) and (e).

Ferrebee was arrested and brought before the court for an initial appearance on June 3, 2016. He pleaded not guilty. He waived his right to a detention hearing and was detained pending trial without prejudice to request a detention hearing at a later date. The initial appearance was constructed by Magistrate Judge Joseph F. Saporito.

On June 6, 2016, Ferrebee, through his counsel, filed a Motion for Psychiatric Evaluation. The court granted the motion on June 7, 2016.

On June 14, 2016, a grand jury sitting in the United States District Court for the Middle District of Pennsylvania indicted Ferrebee charging him with a violation of 18 U.S.C. Section 2251 (a) and (b).

On July 5, 2016, Ferrebee was removed from the Lackawanna County Prison and transported to the Federal Detention Center, SeaTac ("SeaTac") in

Washington for a mental competency study. Ferrebee arrived at SeaTac on July 18, 2016.

The mental competency study was conducted at SeaTac between July 18, 2016 and September 6, 2016. The SeaTac report, which concluded that Ferrebee was able to understand the nature and consequences of the court proceedings brought against him, and to assist counsel in his defense was issued on September 19, 2016.

Ferrebee was removed from SeaTac on September 6, 2016 and arrived back at the Lackawanna County prison on October 11, 2016.

On November 29, 2016, Ferrebee, through his counsel, filed a motion for release of custody. His motion was denied by Judge Saporito on December 6, 2016.

On December 8, 2016, the court entered a pretrial order scheduling jury selection for February 13, 2017, motions deadline December 30, 2016, and a pretrial conference for February 3, 2017. In granting this motion, the court determined that the ends of justice outweighed the best interest of the public and the Defendant to a speedy trial.

On January 11, 2017, February 14, 2017, March 31, 2017, February 24, 2017, April 23, 2017 and July 20, 2017 the court entered similar orders establishing revised pretrial and trial schedules. In the most recent Order of July 20, 2017, the court established the trial date for September 21, 2017, a motion

deadline for August 20, 2017 and a pretrial date for September 11, 2017. In all of these orders the court determined that the ends of justice outweighed the best interest of the public and the Defendant to a speedy trial.

Ferrebee has filed a Motion to Dismiss the charges against him on the grounds that the United States failed to bring him to trial within 70 days as required by the Speedy Trial Act, 18 U.S.C Section 3161(c)(1). This Brief is submitted in support of said Motion.

## STATEMENT OF QUESTIONS INVOLVED

I.   Should the court dismiss this case for failure of the Government to bring Ferrebee to trial within 70 days as requirement by the Speedy Trial Act?

   Suggested Response: Yes

II.  Should the dismissal of the charges be with prejudice?

   Suggested Response: Yes

## ARGUMENT

The Speedy Trial Act, 18 U.S.C. Section 3161, requires that a defendant be brought to trial within 70 days from the filing of an indictment. *Id*. Ferrebee appeared before a judicial officer for an initial appearance on June 3, 2016, the date of the filing of criminal charges against him and the date of his arrest. Because he appeared before the court prior to his indictment on June 14, 2016, the date of the

indictment begins the countdown of the 70 days of the Speedy Trial Act. *U.S. v. Willaman*, 437 F.3d 354, 358 (3d. Cir 2006).

The Speedy Trial Act sets forth certain specific events, which may cause delay that is excludable when computing the 70 day time requirement. These include:

A. Delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;

B. Delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of such motion; and

C. Delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation and the defendant's arrival at the destination shall be presumed to be unreasonable.

Ferrebee was indicted on June 14, 2016. The period from from June 14 to July 5, 2016, the date he was removed from Lackawanna Prison to be transferred to SeaTac, is counted against the 70 day limit.

4

**Speedy Trial clock has run for 21 days.**

Ferrebee's trip to SeaTac took 13 days. Four of these days were weekend and ten are presumed to be reasonable under 18 U.S.C. Section 3161. 18 U.S.C 3161(h)(1)(F). Therefore, none of this time counted against the 70 day period. *U.S. v. Lewis*, 484 F. Supp. 380, 384-90 (W.D.Pa 2007).

Ferrebee was evaluated at SeaTac between July 18 and September 6, 2016. This period of time is excludable under 18 U.S.C. Section 3161, 18 U.S.C 3161(h)(1)(A) and therefore, none is counted against the 70 day period.

Ferrebee was transported from SeaTac to Lackawanna County Prison between September 6, 2016 and October 11, 2016. This 35 day period included 8 weekend days. Ten of the days are excluded. *Id*. Therefore, 17 days of this transportation period are included in computing the 70 day period. *U.S. v. Lewis*, Supra.

**Speedy Trial clock has run for 38 days.**

Ferrebee arrived back at Lackawanna County on October 11, 2016.

Ferrebee filed a Motion for Release of Custody on November 29, 2016. The motion was denied by the court on December 6, 2016. The 49 day period of time from October 11 to November 29 is counted for purposes of the 70 day period.

**Speedy Trial clock has run for 87 days. 70 day period expired on or about November 12, 2016.**

5

Ferrebee filed his first Motion for Extension of Time to File Pretrial Motions on December 30, 2016 .The court granted Ferrebee's Motion on January 11, 2017. The period of time, December 6, 2016 to December 30, 2016 is 24 days. This time is counted against the 70 day period.

**Speedy Trial clock has run for 111 days.**

In granting Ferrebee's first motion for extension of time, the court concluded that the time since the filing of that motion was excludable for speedy trial purposes. In addition, all of the time since that date has been similarly excluded from Speedy Trial computation pursuant to subsequent court orders.

As previously indicated, the Speedy Trial Act requires the United States to bring a defendant to trial within 70 days. Based on the above, it is clear that the seventy day period, during which the United States was required to bring Ferrebee to trial, expired on or about November 12, 2016. Ferrebee submits therefore that the charges against him should be dismissed.

## II.

As indicated above, the Speedy Trial Act requires that a trial must commence within 70 days of the filing of the Indictment 18 U.S.C. Section 3161(c)(1). The court must dismiss the indictment on motion of the Defendant if there is a failure to comply with this provision of 18 U.S.C. Section 3162 (a)(2);

6

*U.S. v. Taylor*, 487 U.S. 326, 332 (1988); *U.S. v. Dipasquale*, 740 F.2d 1282, 1293 (3d Cir. 1984). Dismissal may be with or without prejudice, depending on the seriousness of the offense, the facts and circumstances leading to the dismissal, and the impact of re-prosecution on the administration of justice. 18 U.S.C. Section 3161 (a)(2). The decision to dismiss with or without prejudice is left to the discretion of the district court. *U.S. v. Engstron*, 7 F.3d 1423, 1427 (9th Cir. 1993). Neither remedy is given priority. *U.S. Taylor*, 487 U.S. at 334.

    Ferrebee maintains his innocence. Moreover, Ferrebee is not charged with any direct contact with a minor. The crime alleged involves texting only. Thus, Ferrebee submits that the crime alleged is not one which would require dismissal without prejudice.

    Nonetheless, the seriousness of the offense must be considered in light of the other factors contained in 3162(a)(2). Regarding the second factor, the court should consider the length in time involved. Ferrebee was charged on June 3, 2016 and has been waiting trial for the last 14 months. This factor weighs heavily in favor of dismissal with prejudice. *U.S. v. Clymer*, 25 F.3d 824, 831-32 (9th Cir. 1994).

    In addition, Ferrebee has experienced other forms of prejudice from this delay. He has been incarcerated for the entire 14 months since his arrest. He has lost his job and has been separated from his family. He and his family have all experienced great anxiety during this period.

The third factor, the impact on the administration of justice, also weighs heavily in favor of dismissal with prejudice. First, the United States bears responsibility for a substantial amount of the delay. Second, the purpose of the Speedy Trial Act is to protect a defendant's constitutional rights and to serve the public interest in bringing about prompt criminal proceedings. *U.S. Saltzman*, 984 F.2d 1087, 1090 (10th Cir. 1993). Dismissal with prejudice in this case, would alert the government to exercise greater diligence in monitoring the speedy trial clock. It would also act to discourage further speedy trial violations, and thereby, advance both public and private interests in fair and expeditious trial in criminal cases.

Based on the above, Ferrebee submits that the charges against him should be dismissed with prejudice.

## CONCLUSION

Ferrebee submits that the time during which the United States was required to bring him to trial has expired and that the Indictment filed against him on June 14, 2016 should be dismissed. Ferrebee further submits that the factors set forth in 18 U.S.C. 3162(a)(2) require a dismissal with prejudice.

                                        Respectfully submitted,

        /s/ Joseph A. O'Brien
        Joseph A. O'Brien, Esq.
        Attorney I.D. No.: 22103
        OLIVER, PRICE & RHODES
        1212 S. Abington Road, PO Box 240
        Clarks Summit, PA 18411
        Phone: (570) 585-1200
        Fax: (570) 585-5100
        Email: jaob@oprlaw.com

## CERTIFICATE OF SERVICE

I, **JOSEPH A. O'BRIEN, ESQUIRE**, of Oliver, Price & Rhodes, hereby certify that on this date, I caused the foregoing BRIEF IN SUPPORT OF MOTION TO DISMISS via the Court's ECF system on all counsel of record as authorized under Federal Rule 5(b)(2)(E) and local rule 5.6 of the United States District Court for the Middle District of Pennsylvania. I further certify that all counsel of record in the case, but for the Plaintiff, are registered CM/ECF users and that service will be

9

accomplished by the CM/ECF system.

Francis P. Sempa, Esq.
U.S. Attorney's Office
235 North Washington Avenue
Scranton, PA 18503
Email: fran.sempa@usdoj.gov

/s/Joseph A. O'Brien
Joseph A. O'Brien, Esquire

P:\O'BRIEN, JOE\USA\Ferrebee, Josiah\Brief in Supp Motion to Dismiss.docx