UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA   :   NO.: 3:CR-16-152

    VS.   :   (Judge Munley)

JOSIAH FERREBEE,
       Defendant   :

### RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH THE SPEEDY TRIAL ACT

**A. Statement of the Facts and Speedy Trial Calculation**

On June 3, 2016, the defendant was charged in a criminal complaint with child sex exploitation offenses. He appeared in court that day and was ordered detained pending a scheduled preliminary examination. On June 6, 2016, the defendant filed a motion for a mental/psychiatric examination as to his competency to stand trial. On June 7, 2016, U.S. Magistrate Judge Joseph F. Saporito, Jr. issued an order for a psychiatric examination to determine whether the defendant suffers from a mental disease or defect rendering him mentally incompetent to understand the proceedings and assist in his defense. At most, the three days between June 3rd and June 6th are not excludable.

While the defendant's motion and the competency examination

was pending, a federal grand jury indicted him on June 14, 2016, charging him with online enticement, 18 U.S.C. Section 2422(b), and production of child pornography, 18 U.S.C. Section 2251(a) and (b). Due to the pending competency matter, the defendant was not arraigned on the charges in the indictment until December 6, 2016, when he appeared in court for those charges. The time between the defendant's motion for a psychiatric and competency examination and the date of his arraignment is all excludable delay. Any period of delay caused by a competency proceeding starting from the date the motion for the examination was filed until a judicial determination of competency is made shall be automatically excluded from the Speedy Trial calculation. 18 U.S.C. Section 3161(h)(1)(A); <u>United States v. Tinklenberg</u>, 563 U.S. 647 (2011); <u>Henderson v. United States</u>, 476 U.S. 321, 327 (1986); <u>United States v. Graves</u>, 722 F.3d 544, 548-550 (3d Cir. 2013); <u>United States v. Arbelaez</u>, 7 F.3d 344, 347 (3d Cir. 1993); <u>United States v. Romero</u>, 2015 WL 7070510 (9th Cir. 2015). Contrary to defendant's assertions, neither "reasonableness," the ten-day limitation in the transportation exclusion, nor weekend exceptions override the

automatic exclusion for the entire delay caused by competency proceedings. United States v. Graves, supra; United States v. Arbelaez, supra; United States v. Romero, supra. In short, the time between the defendant's motion for a competency evaluation and his arraignment on December 6, 2016, is all excludable from the speedy trial calculation.

Prior to the arraignment, on November 29, 2016, the defendant filed a motion for release from custody. A second such motion was filed on December 1, 2016. That motion was denied on December 6, 2016, the same day that the defendant first appeared in court to be arraigned on the charges in the indictment. There was no judicial determination of competency prior to the date of arraignment.

On December 8, 2016, the court issued a scheduling order and set trial for February 13, 2017, and set dates within which pre-trial motions were to be prepared and filed. On December 30, 2016, the defendant filed a motion for extension of time within which to file pre-trial motions. The Third Circuit has explained:

> Delay resulting from any pretrial motion, from the date of the filing of the motion through the date of the prompt disposition of the motion, is excluded from the computation of Speedy Trial Act time. *See* 18 U.S.C. § 3161(h)(1)[(D)].

3

> Any pretrial motion, including a motion for extension of time, is a pretrial motion within the meaning of Section 3161(h)(1)[ (D) ). United States v. Arbelaez, 7 F.3d 344, 347 (3d Cir.1993). Moreover, "the amount of time set aside by a district court for the preparation and submission of pretrial motions is excludable 'delay resulting from other proceedings' under 18 U.S.C. § 3161(h)(1), regardless of whether the time is granted *sua sponte* or pursuant to the defendant's request." United States v. Barnes, 909 F.2d 1059, 1064 (7th Cir.1990). Indeed, broadly speaking, the Act excludes "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel" if the judge determines that "the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

United States v. Erby, 419 Fed. Appx. 176, 179 (3d Cir. 2011) (not precedential).

The time period between December 6, 2016 and December 30, 2016—the time given for the preparation of pretrial motions—is therefore, excludable delay. United States v. Erby, 419 Fed. Appx. at 179 ("This period of time, which was set aside for the preparation of pretrial motions, is excludable from the speedy trial clock"); United States v. Mouzon, No. 1:12-CR-0301-04, 2014 WL 956972, at *2 (M.D. Pa. Mar. 12, 2014); United States v. Napadow, 596 F.3d 398, 403 (7th Cir. 2010); United States v. Barnes, 909 F.2d at 1064-65; United States

4

v. Gastelum, 273 Fed. Appx. 524, 527 (7th Cir. 2008) (time expressly granted by the district judge for preparation of pretrial motions must be excluded).[1]

Meanwhile, on January 5, 2017, the defendant filed a pro se motion for discovery and a bill of particulars.

On January 11, 2017, the court granted the defendant's motion for extension of time within which to file pre-trial motions, and scheduled the trial for March 13, 2017.

The next day, January 12, 2017, the defendant filed a pro se motion to withdraw counsel and an omnibus pre-trial motion to dismiss, to suppress evidence, and a motion for leave to file additional motions.

On February 10, 2017, the defendant filed a motion for extension of time within which to file pre-trial motions. On February 14, 2017, the court granted the defendant's motion for extension of time and set trial for April 17, 2017.

---

[1] Even if this time period is not deemed excludable, as the defendant asserts, it is only an additional 24 days that count against the speedy trial clock, which would bring the total to 27 days, which is far short of the 70-day time limit.

5

On February 21, 2017, the defendant filed a pro se motion to dismiss the indictment.

On March 20, 2017, the defendant filed a motion for extension of time within which to file pre-trial motions. On March 21, 2017, the court granted that motion and set trial for May 22, 2017.

On March 24, 2017, the defendant filed a pro se motion to withdraw counsel.

On April 21, 2017, the defendant filed a motion for extension of time within which to file pre-trial motions. On April 24, 2017, the court granted that motion and scheduled trial for July 3, 2017.

On April 24, 2017, the court scheduled a hearing on the defendant's pro se motion for new counsel. The hearing was set for May 4, 2017, and held on that date.

On May 18, 2017, the defendant filed a pro se motion to withdraw counsel and represent himself pro se. The court scheduled a hearing on that motion for May 31, 2017.

On June 1, 2017, the court granted the defendant's motion for new counsel. Trial was scheduled for September 21, 2017.

The defendant concedes that all of this time—from December 30, 2016 to the present—is excludable delay. It is all delay caused by the defendant's filing of motions for extension of time within which to file pre-trial motions, as well as a plethora of the defendant's pro se motions. 18 U.S.C. Section 3161(h)(1)(D).

Given the above periods of excludable delay, the 70-day speedy trial time period has not run. Indeed, all or most of the delay is excludable.

### B. 18 U.S.C. § 3162(a)(2)

Assuming that there has been a violation of the Speedy Trial Act, any dismissal should be without prejudice to the right of the United States to re-indict the case. 18 U.S.C. § 3162 (a) (2).

If a defendant is not brought to trial within the seventy-day time limit set by 18 U.S.C. § 3161 (c)(1), as extended by 18 U.S.C. § 3161 (h) , a District Court, in exercising its discretion to dismiss charges with or without prejudice, is directed to consider, among other factors, "the seriousness of the offense; the facts and circumstances of the case which

lead to dismissal; and the impact of the re-prosecution on administration . . . of justice." See 18, U. S. C. § 3162(a)(2). The presence or absence of prejudice to a defendant is also a relevant factor. United States v. Taylor, 487 U.S. 326, 334 (1988).

The charges against Ferrebee are very serious, involving the alleged sexual exploitation of children. In the event of conviction, he faces a 15-year mandatory minimum sentence on the child pornography count, and a 10-year mandatory minimum sentence and a statutory maximum sentence of life imprisonment on the enticement count. See United States v. Howard, 218 F.3d 556, 561 (6th Cir. 2000) (look to length of sentence to determine the seriousness of an offense); See also United States v. Wright, 6 F. 3d 811, 813-16 (D.C. Cir. 1993) (dismissal without prejudice proper because drug charge and firearm possession were "serious," government delay was "isolated unwitting violation," and there was minimal prejudice for re-prosecution when defendant was not hampered by 87-day delay); and United States v. Pena-Carrillo 46 F.3d 879, 882-83 (9th Cir. 1995) (dismissal without prejudice proper because defendant charged with moderately serious offense and

government did not act in bad faith).

Moreover, the facts and circumstances of the case show that the government has not caused any of the delays. As the record above demonstrates, all of the delays in this case were caused by the defendant's motion for a competency evaluation, numerous pro se pre-trial motions, and numerous motions for extensions of time within which to file pre-trial motions, and the court's consideration of those motions.   In the present matter, there has been no prosecutorial misconduct and no attempt to obtain tactical advantage by the government.   Indeed, <u>the government did not cause any of the delays</u>.

Furthermore, no adverse consequences would follow from re-prosecution. There is no loss of evidence and Ferrebee is not otherwise hampered in presenting a defense.   Since there is no misconduct to deter to insure future compliance, the principles of the Act are vindicated by dismissal without prejudice. <u>United States v. Wright</u>, 6 F.3d 811, 815-816 (D.C. Cir. 1993).

The final factor, the impact of re-indictment on the administration of the Speedy Trial Act and the administration of justice, also weighs in

favor of a dismissal without prejudice. Though Ferrebee asserts that he has been prejudiced by the delay, he can point to no concrete prejudice regarding trial preparation, and relies instead on an appeal to encourage greater diligence by the government. As noted above, the government is not responsible for any of the delay in this case. See Taylor, 487 U.S. at 341 (reversing dismissal with prejudice where district court did not find that respondent's trial preparation was compromised by any delay); United States v. Hernandez, 863 F.2d 239, 243-44 (2d Cir. 1988)(dismissal with prejudice would have been an abuse of discretion, given that offense was serious, delay was brief, government did not engage in bad faith or pattern of neglect, and appellant failed to demonstrate any prejudice from the delay).

Finally, Ferrebee has not suffered actual prejudice as a result of the delay. See United States v. Robinson, 389 F.3d 582, 589 (6th Cir. 2004) (dismissal without prejudice proper where defendant failed to articulate actual prejudice in how delay affected his "life circumstances"). Ferrebee's bare contention that he and his family have suffered anxiety by virtue of his pre-trial detention, fails to meet the

10

standards for showing prejudice. Moreover, all of the delay since the commission of Ferrebee's offenses and the indictment in the case was caused by the defendant.

Considering all of the factors of § 3162(a)(2), if the court determines that there has been a speedy trial violation, it should dismiss the indictment without prejudice to permit the government to re-indict the case. See United States v. McNeil, 2011 WL 730487 (3d Cir. 2011) (non-precedential); United States v. Sykes, 614 F.3d 303 (7th Cir. 2010) (upheld dismissal without prejudice where 224-day non-excludable delay, the charge was serious, no bad faith by the government, no actual prejudice shown by the defendant, and the defendant waited passively while time ran before asserting his speedy trial rights); United States v. Lewis, 611 F.3d 1172 (9th Cir. 2010) (upheld dismissal without prejudice where 145-day non-excludable delay, the government acted in good faith, and no actual prejudice shown by defendant); United States v. Mitchell, 374 Fed. Appx. 859, 2010 WL 850241 (11th Cir. 2010) (upheld dismissal without prejudice where 411-day non-excludable delay, no fault of the government,

11

defendant did not promptly assert his right, and no actual prejudice shown by defendant); United States v. Summage, 575 F.3d 864 (8th Cir. 2009) (upheld dismissal without prejudice where 2-year delay, government did not intentionally cause delay, defendant did not promptly assert right, and defendant showed no prejudice).

### C. Sixth Amendment Analysis

The Sixth Amendment guarantees a defendant the right to a speedy trial which attaches at the time of arrest or formal charge, which ever occurs first. Dillingham v. United States, 423 U.S. 64, 65 (1975).

In determining whether a defendant has been denied the right to a speedy trial, a District Court is to consider the defendant's conduct and the prosecution's conduct by focusing on the four factors identified in Barker v. Wingo, 407 U.S. 514 (1972). These factors are the length of delay; the reason for the delay; a defendant's assertion of his right and whether the defendant was prejudiced by the delay. Id. at 530.

In Barker, the Court labeled the first factor, the length of delay, "a triggering mechanism" because "[u]ntil there is some delay which is

presumptively prejudicial, there is no necessity for inquiring into the other factors." Id. at 530. The Third Circuit has held that delay for a period approaching one year is generally presumptively prejudicial. Wells v. Petsock, 941 F.2d 553, 257-58 (3d Cir. 1991) (217-day delay and incarceration triggered inquiry into other factors). Here, the non-excludable delay, if the court accepts the defendant's calculation, is at most 111 days with incarceration. The government contends that a 111-day delay is not presumptively prejudicial.

Even if a 111-day delay is presumptively prejudicial, to determine how the first factor affects the overall speedy trial inquiry, courts consider "the peculiar circumstances of the case" since "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex . . . charge." Barker v. Wingo, 407 U.S. at 531. Here the charges are serious and more complex than an ordinary street crime. The charges involve the sexual exploitation of a child using electronic communications, and involves the forensic analysis of computers and communication devices. Thus, the delay to be tolerated in this case should be greater than the typical matter. "The graver the

13

crimes, the greater the insult to societal interests if the charges are dropped, once and for all, without a meaningful determination of guilt or innocence." United States v. Hastings, 847 F.2d 920, 925 (1st Cir. 1988). In examining the seriousness of the offense, a court is entitled to consider the length of the potential sentence for that offense. See United States v. Howard, 218 F.3d 556, 561 (6th Cir. 2000)(looking to the length of a sentence to determine the seriousness of an offense for purposes of the Speedy Trial Act);   United States v. Bittle, 699 F.2d 1201, 1208, (D.C. Cir. 1983) (the "court did not err in using the punishment prescribed by statute for possessing stolen mail matter as a measure of the severity of the crime").

In considering the second factor, the reason for the delay, the Court instructed that "different weights should be assigned to different reasons." 407 U.S. at 531. The Court opined:

> [a] deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government.  A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify

14

appropriate delay.

Id. at 531.

In this case if the court accepts the defendant's calculation, none of the 111-day non-excludable delay was caused by the government. Instead, the delays were caused by the defendant's request for a competency evaluation and numerous pre-trial motions, both counseled and pro se, and Ferrebee's irreconcilable differences with previous counsel.

The third factor focuses on whether and how a defendant asserted his right, taking into account the "frequency and force of the objections." Id. at 529. Here, Ferrebee did not assert his right until August 9, 2017, more than seven months after his case was initially scheduled for trial. This failure to promptly assert his speedy trial rights   indicates that "any hardships he suffered were either minimal or caused by other factors." United States v. Palmer, 537 F.2d 1287, 1288 (5th Cir 1976).

The final factor, prejudice to the defendant, is to be assessed "in the light of the interest of defendant's which the speedy trial right was designed to protect." Id. at 532. The Court earlier identified these

15

interests in United States v. Ewell, 383 U.S. 116, 120 (1966): to prevent oppressive pretrial incarceration; to minimize anxiety and concern of the accused; and to limit the possibility that defense will be impaired. In Hakeem v. Beyer, 990 F.2d 750, 761-64 (3d Cir. 1993), the Third Circuit held a defendant must show actual prejudice, finding that a delay in excess of fourteen months did not give rise to a presumption sufficient to establish a speedy trial violation absent the showing of oppressive conditions not normally attendant to incarceration. Here, the delay of 111 days, if accepted by the court, is well short of the 14 months noted by the Third Circuit.

In sum, Ferrebee's Sixth Amendment right has not been violated. First, assuming that there has been a violation of the Speedy Trial Act, the charges in the case are serious and are made more complex by virtue of the nature of the child exploitation crimes and the type of evidence to be offered. The penalties for such crimes involve lengthy mandatory minimum sentences and potentially a life sentence if the defendant is convicted. See e.g. United States v. Wright, F.3d 811, 813-816, (D.C. Cir. 1993) (dismissal without prejudice was proper because

16

charges were "serious," the government delay was an "isolated unwitting violation," and there was minimal prejudice for re-prosecution where the defendant was not hampered by an eighty-seven day delay); United States v. Williams, 314 F.3d 552, 559-61 (11th Cir. 2002) (dismissal without prejudice was proper because charges were "serious," delay was not intentional, and the length of the delay was not severe); United States v. Giambrone, 920 F.2d 176, 180 (2d Cir. 1990).

Moreover, all of the delay in the case is attributable to the defendant's request for a competency evaluation, his numerous pre-trial motions, and his irreconcilable differences with counsel that caused new counsel to be appointed. The government has not caused any of the delays. There has been no prosecutorial misconduct by the government and no attempt to obtain tactical advantage against Ferrebee by delaying this case.

Finally, Ferrebee has not established actual prejudice. He did not complain about a Speedy Trial violation until August 9, 2017. His defense has not been impaired. He has also failed to allege, let alone prove, that he has otherwise been hampered in presenting a defense.

17

Ferrebee's Sixth Amendment right to a speedy trial has not been violated. Accordingly, Ferrebee's motion to dismiss should be granted, if at all, without prejudice to the government's re-indicting the case.

           Respectfully submitted,

           BRUCE D. BRANDLER
           United States Attorney

           /s/ Francis P. Sempa
           Francis P. Sempa
           Assistant U.S. Attorney
           ID #41294
           Suite 311, Federal Building
           P.O. Box 309
           Scranton, PA 18501
           (570) 348-2800
           fran.sempa@usdoj.gov

Dated: August 14, 2017

# CERTIFICATE OF SERVICE

I, Luann Manning, a supervisory legal assistant in the United States Attorney's Office, do hereby certify that I served a copy of the foregoing Response in Opposition to Defendant's Motion to Dismiss for Failure to Comply With the Speedy Trial Act by electronic filing to the following:

Joseph A. O'Brien, Esquire

          /s/ Luann Manning
          _____
          LUANN MANNING
          Supervisory Legal Assistant

Date: August 14, 2017