Page 1

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District **MIDDLE DISTRICT PA** | |
|---|---|---|
| Name (under which you were convicted): **Josiah Ferrebee** | Docket or Case No.: **3:16-CR-152** | |
| Place of Confinement: **FMC Devens, MA** | Prisoner No.: **75226-067** | |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) | |
| v. | **Josiah Ferrebee** | |

**MOTION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   **U.S. District Court, Middle District of Pennsylvania, 235 North Washington Avenue, Scranton, Pennsylvania, 18503. Judge Munley**

   (b) Criminal docket or case number (if you know): **3:16-CR-152**

2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing: **10-22-2019**

3. Length of sentence: **180 months**

4. Nature of crime (all counts):

   **18:2251(A)  Production and attempted production of child pornography.  Count 1.**

   **FILED
   SCRANTON**

   **OCT 26 2020**

   PER _____
   **DEPUTY CLERK**

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐     (2) Guilty ☑     (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   **Count 2 - Online Enticement - Dropped with Plea.**

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☐     Judge only ☐

   **N/A**

Page 2

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☑

8.  Did you appeal from the judgment of conviction?     Yes ☐     No ☑

9.  If you did appeal, answer the following:

    (a) Name of court:

    (b) Docket or case number (if you know):

    (c) Result:

    (d) Date of result (if you know):

    (e) Citation to the case (if you know):

    (f) Grounds raised:

*Attorney Refused to Appeal*

    (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☑

        If "Yes," answer the following:

        (1) Docket or case number (if you know):

        (2) Result:

        (3) Date of result (if you know):

        (4) Citation to the case (if you know):

        (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

        Yes ☐     No ☑

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):          N/A

(4) Nature of the proceeding:

(5) Grounds raised:

N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑ No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

N/A

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑ No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ❑ No ☑

(2) Second petition:    Yes ❑ No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly

why you did not: Attorney Refused to Appeal

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

- Counsel refused to investigate and compel mitigating information and evidence.
- Counsel refused to submit supportive character references.
- Counsel refused to produce an accurate and appropriate mental and emotional health and maturity assessment.
- Counsel refused to negotiate a lesser charge plea.
- When USA offered a plea deal for 12½ years counsel delayed and by doing so USA countered with an increase to 17½ years.
- Counsel refused to appeal the USA's change in their plea offer by increasing from 12½ years to 17½ years.
- Counsel gave Petitioner detrimental instructions to allocute to the USA's pathological theory at sentencing.
- Counsel refused to produce downward departures for Petitioner's medical disorders and his emotional and mental immaturity.
- Counsel refused to make Petitioner's post-conviction appeals.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐                                        Attorney
                                                                              Refused
(2) If you did not raise this issue in your direct appeal, explain why:        to Appeal

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?          N/A

    Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Immature Mental and Emotional Development

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

- Petitioner contends that the subject offense behavior was a result of several mitigatable variables in his immature mental and emotional development:

    a. Late stage 19 year old male adolescent development with an early stage 15 year old female adolescent development.
       (NOTE: FEMALES TEND TO MATURE EARLIER)

    b. Romeo and Juliet romance.
       (19 years of age male with 15 years of age female)

    c. Exploratory sadomasochism [S/M] behavior.

- Pursuant to the Adam Walsh Act, 34 U.S.C. § 20911 (5)(c) Petitioner was/is not required to register as a sex offender due to the 4 year age gap.
    (NOTE: This is also an ineffective counsel issue.)

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

*Attorney Refused To Appeal*

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

    Yes ❑   No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed: *N/A*

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:     *N/A*

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE** Sentencing Disparity

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

- Petitioner's instant sentence demonstrates contrast examples of sentencing disparity with other offenders who were sentenced for similar offenses:

a. Michael Vadakin, age 29, Federal register # 26118-014, was sentenced to only 1 year (12 months incarceration) for recieving, transmitting, storing, and/or producing child pornography, in the U.S. District Court for Connecticuit, New Haven.

b. Jarrio Florez, age 33, Federal register # 00971-138, was sentenced to only 5 years (60 months incarceration) for producing, recieving, storing, transmitting, and selling child pornography, and other computer crimes, in a homemade computer labratory, in the U.S. District Court for Massachusetts, Boston.

c. Josiah Ferrebee, age 19, the Petitioner, was sentenced to 15 years (180 months incarceration) for the instant offense.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

Attorney Refused to Appeal

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):                    N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** Medical Disorders

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

- Petitioner suffers from Type 1 Diabetes which has deteriorated during the instant incarceration and has resulted in the Petitioner receiving a care level increase and transfer from low security at Federal Correctional Institute Fort Dix, New Jersey, to high security at Federal Medical Center Devens, Massachusetts.
- Petitioner's former attorney refused to seek a downward departure for Petitioner's Diabetes.
- Persuant to the First Step Act, the CARES Act, the COVID-19 pandemic, and the Center for Disease Control (CDC) COVID-19 guidelines, the Petitioner is vulnerable to death in COVID-19. Please note: Petitioner is administrating a request for his compassionate release at Federal Medical Center Devens and will be also filing a motion for compassionate release in this Court in November 2020 when BOP remedies are exhausted. Petitioner hereby requests for this 28 U.S.C. § 2255 to be heard in conjunction with his Motion for Compassionate Release at that time.

N/A

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:   Attorney Refused to Appeal

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):   N|A

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    N|A

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N|A

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:   _____   _____


OTHER GROUNDS:
|Jurisdiction, Fraud, and Disclosure Violations; and
|Life, Liberty, and Property Rights:

The United States Treasury, the U.S. District Court for the Middle District of Pennsylvania, [and others], generated, issued, transfered, and/or sold municipal financial bonds of interest against Petitioner's person, a financial equity and not as a human being, to finance the USA for/in Petitioner's prosecution, incarceration, supervised release and sex offender registration. However, persuant to Brady v. Maryland, 373 U.S. 83 (1963), the USA, the Court, and Petitioner's CJA attorney(s) refused to disclose this information to Petitioner. Additionally, the U.S. Department of Justice boasts as it produces 98±% conviction rates in the courts but the DOJ's Federal Bureau of Prisons also produces a contradicting 75±% relapse and recidivism rates. Subject to these double standards, Petitioner has already suffered substantial injuries with civil rights violations and severe abuse during his prosecution and instant incarceration due to the misuse of the money from Petitioner's municipal bonds. Specifically, the Petitioner recieved ineffective assistance of counsel in the court and Petitioner recieved deliberate and objective indifference and abuse with inadequate treatment for his medical, mental and emotional disorders throughout his instant incarceration at several prisons.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?   Yes ☐   No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

*N/A*

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:   *Pretrial #1: Christopher Osbourne, Esq.*

(c) At trial:   *Pretrial #2: Joseph A. O'Brien, Esq.*

(d) At sentencing:   *COP/Sentencing: Joseph A. O'Brien, Esq.*

(e) On appeal:   *Attorney Refused to*

(f) In any post-conviction proceeding:   *Appeal*

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐ No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:   *N/A*

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

To Petitioner's knowledge this is timely, because Petitioner was sentenced on October 22, 2019, and it is now almost one year today, October 20, 2020. However, if any of this petition is deficient, it is because from September 3, 2020 to October 13, 2020, Petitioner was confined in SHU quarantine(s) for transfer from FCI Fort Dix to FMC Devens.

19. Petitioner hereby repeats and incorporates the attached memorandum of law.

20. RESERVING RIGHTS TO SUPPLEMENT:

Petitioner is not an attorney nor trained in law. The practice of law requires a doctorate level education, a passing BAR Exam score, and a license, none of which Petitioner has. Therefore, Petitioner hereby reserves all rights to have a post-conviction attorney supplement this petition with any further applicable grounds, arguments, and/or law briefs.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
      (1) the date on which the judgment of conviction became final;
      (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

1. Appointment of Post-Conviction and Appealate counsel.

2. Evidentiary Hearing and Compassionate Release Hearing

3. Vacate sentence and resentence

4. Immediate Release

or any other relief to which movant may be entitled.

— NA —

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on 10-20-20 (month, date, year).

Executed (signed) on 10-20-20 (date).

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

CERTIFICATE OF SERVICE                    Page 14

ON The date Signed below Petitioner mailed/served
duplicate copies of this document upon the
Following Persons via USPS First Class Mail:

1) David J. Freed
   United States Attorney
   235 North Washington Avenue
   Scranton, PA 18503

2) Elliot A. Smith
   Federal Public Defender
   201 Lackawanna Avenue
   Scranton, PA 18503

DATE: 10-20-20

SIGNED:
   Josiah Ferrebee
   Federal # 75226-067
   Federal Medical Center Devens
   P.O. Box 879
   Ayer, MA 01432

Josiah Ferrebee
Federal # 75226-067
FMC Devens
P.O. Box 879
Ayer, MA 01432

RECEIVED
SCRANTON

OCT 26 2020

PER _____ DEPUTY CLERK

LEGAL
MAIL

Peter Wel
Clerk of
William J.
235 North
Scranton,