FROM: 75226067
TO:
SUBJECT: Memorandum Of Law Draft
DATE: 10/19/2020 04:54:52 PM

Dt: October 20, 2020

By: Josiah Ferrebee
    Federal Register #: 75226-067
    Federal Medical Center Devens
    P.O. Box 879
    Ayer, MA 01432
    (978) 796-1000
    Petitioner, Pro Se
    Respectfully Submitted,

```
                    FILED
                   SCRANTON

                   OCT 26 2020

             PER _____
                    DEPUTY CLERK
```

IN: The United States District Court for the Middle Distirct of Pennsylvania
    William J. Nealon United States Courthouse
    235 North Washington Avenue
    Scranton, Pennsylvania 18503

Josiah Ferrebee,                 Case No. 3:16-CR-152
    Petitioner,
                                    Judge Munley
versus

United States of America,
    Respondant.

---

PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF 28 U.S.C. 2255

    COMES NOW, Josiah Ferrebee (hereinafter known as "Petitioner") humbly submitting his 28 U.S.C. 2255 Memorandum of Law. As Petitioner appears pro se, he further requests this Honorable Court hold this pleading to "less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519 (1972): And "interpret [Ferrebee's] pleading as to raise the strongest arguments that they suggest." <u>Tefra v. Colvin</u>, 61 F. Supp. 3d 207 (D. Mass. Nov. 25, 2014).

PRELIMINARY STATEMENT

    Petitioner wishes to bring to the Court's attention, due to the Covid-19 Pandemic FMC-Devens has modified its opertional schedule, allowing Petitioner 2 1/2 hours per week to Conduct legal research, photocopy and assemble legal materials. This is arguable a denial of access to court claim, and humbly requests this Court take into consideration.

ARGUMENT:

PART I - Violation of Petitioner's Fifth and Sixth Amendment Rights by Defense Counsel's Ineffective Assistance of Counsel:

Under the Constitution of the United States a person charged with a crime is guaranteed effective assistance of counsel to defend themselves against criminal charges. Ineffective is tested under the guidance of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). Strickland uses a two-prong test; (1) that counsel's representation not fall below and objective standard of reasonablness; and (2) any difinciencies in counsel's performance are not prejudicial to the defense. United States v. Stubbs, 757 Fed. Appx. 159 (3rd Cir. 2018).

Counsel's representation fails under the Strickland test when counsel: (i) failed to advise his client of any adverse consequences for rejecting an initial plea deal [12.5 years], rather counsel, without Petitioner's consent, attempted to re-negotiate for a lesser sentence, resulting in a counter-offer that far exceeded the initial offer [17.5 years]; and (ii) counsel failed to file a timely notice of appeal, as directed by Petitioner, challenging objections sustained in the presentence report, and counsel's failure to fully inform Petitioner of adverse effects related to plea negotiations (Claim-(i)), resulting in Petitioner's plea being unknowing.

(i). INEFFECTIVE PLEA NEGOTIATIONS:

In Missouri v. Frye, 566 U.S. 134, 132 S. Ct. 1399 (2012), the Supreme Court discussed the right to effective assistance of counsel in plea negotiations, Id. at 140 (citing Hill v. Lockhart, 473 U.S. 52, 106 S. Ct. 366 (1985); Padilla v. Kentucky, 559 U.S. 356, 130 S. Ct. 1473 (2010)). Though the facts differed in each case, Frye generally emphasized the prevalence of plea bargaining in the criminal justice system, stating in part:

> "[i]n order that the benefits can be realized . . . Criminal defendants require effective counsel during plea negotiations. Anything less might deny a defendant effective representation by counsel at the only stage when legal aid and advice would help, Id. at 144. Frye then decided the duty aspect of the Sixth Amendment inquiry on the narrow grounds presented and held "as a general rule, defense counsel has the duty to communicate formal offers for the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Id. 2019 U.S. Dist. Lexis 27759 (3rd. 2019)

In 2019, after an unsuccessful attempt at suppression, Petitioner instucted Counsel, Joseph A. O'Brien, Esquire, to enter into plea negotiations and shortly after the Government submitted a formal offer at 12.5 years. Defense counsel relayed the offer to Petitioner advising he reject the offer, countering with ten years. Petitioner asked what would be the worse case scenario, and counsel relayed the worse that could happen would be to have to

take the initial 12.5 years. Counsel did not inform the Petitioner the Government could reject the counter, withdraw from negotiations or counter with a higher offer. This critical ommission subsequently resulted in counsel's offer being rejected and countered with a 17.5 year offer. Counsel had a duty to limit Petitioner's sentencing exposure by analyzing the strength of Petitioner's case, the evidence against him and the chances of prevailing at trial. Rather, counsel got greedy requesting a five year reduction under the mandatory minimum (of 15 years), without justification.

To establish ineffective assistance of counsel in the plea negotiation contest, one must show: (1) counsel's performance in regard to the plea offer was not "within the range of competence demanded of attorneys in criminal cases." Hill 474 U.S. at 56 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)), and (2) "but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (ie., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted it's terms, and the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgement and sentence that in fact were imposed." Laffler v. Cooper, 132 S. Ct. 1376 (2012); McNeil v. United States, 2014 U.S. Dist. Lexis 29367 (D. N.J. Mar. 7, 2014).

Though Frye declined to provide a general rule and did not address the first prong of the Strickland anaysis in a situation where alleged ineffectivness resulted in the rejection of a plea offer, the court of appeals for the Third Circuit has done so. See United States v. Day, 969 F.2d 39, 43 (3d. Cir. 1992) (a defendant has the right to make a reasonably informed decision whether to accept a plea offer.); See Hill v. Lockhart 474 U.S. 52 (1985) (voluntariness of guilty plea depends on adequacy of counsel's advice); von Moltke v. Gillies, 332 U.S. 708 (1948) ("prior to trial an accussed is entitled to rely upon his counsel to make a independent examination of the facts, circumstances, pleadings and law involved and then to offer his informed opinion as to what plea should be entered.)

In the instant, Petitioner was not informed of the potential consequences for rejecting the initial plea offer of 12.5 years. Counsel failed to relay the fact the Government could in fact come back with a higher counter offer, in this case, 17.5 years. This critical failure

resulted in Plantiff settling on a 15 year sentence, 2.5 years over the initial plea. Had counsel informed the Petitioner of the potential for a higher counter, he'd have accepted the 12.5 year offer.

Counsel, after examining the entirety of the Government's case and available defenses had no justification to negociate any further reduction under 12.5 years (2.5 years under the mandatory minimum). The ABA further codifies, "a defense lawyer in a criminal case has the duty to advise his client fully of whether a particular plea to a charge appears to be desirable." Citing ABA Ethical Considerations 7-7 (1992). Counsel unreasonablness and greed prejudiced Petitioner.

(ii) - Failure to File Timely Notice of Appeal:

The Supreme Court held that there is a constitutionally imposed duty on an attorney to consult with a defendant about an appeal if there is a reason to think a rational defendant has reasonably demonstrated that he or she was interested in appealling. See Roe v. Flores-Otega, 328 U.S. 470, 120 S. Ct. 1029 (2000).

The record reflects Petitioner mad objections to certain information contained within the presentence report (PSR). The sentencing court sustained those objections, subsequently, Petitioner instructed counsel to file a timely notice of appeal, addressing the objections within the PSR and ineffective assistance of counsel, by failing to inform Petitioner his counter plea offer (of 10 years) could be countered higher (17.5 years). This fact is corroborated by both of Petitioner's parents having conversations with counsel Joseph A. O'Brien, regarding Petitioner's request for direct appeal.

The Petitioner had the right to appeal because the "denial of the entire judicial proceedings itself, which a defendant wanted at the time and to when he had a right . . . demands a presumption of prejudice. Put simply, we cannot accord any " presumption of reliability to judicial proceedings that never took place. Ross v. Varno, 712 f.3d 784, 798 (3d Cir. 2012) (citing Smith v. Robbins, 528 U.S. 259). See also United States v. Russell, 479 Fed. Appx 420 (3d Cir. 2012); United States v. Orocio, 645 F.3d 630 (3d Cir. 2011); Lincoln v. Palakovich, 384 Fed. Appx. 193 (3d Cir. 2012)

Counsel Joseph A. O'Brien had a duty to file a notice of appeal or file a Anders

brief. The record is clear on this point as both are not reflected in the record. Petitioner argues counsel had a conflict of interest, due to having to raise a claim of ineffective assistance of counsel on himself, with regards to his plea negotiation conduct.

Ineffective assistance of counsel claims based on conflict of interest are cognizable on direct appeal "[o]nly in rare cases where facts showing an actual conflict of interest are clear on the record, and no waiver of the right to conflict free counsel was evident." U.S. v. Morena, 547 F.3d 191 (3d Cir. 2008). Here the record is clear an offer of 12.5 years was set-forth by the Government and Petitioner signed a plea for 15 years.

(iii)- Failure To Object And/Or Appeal

During the pronouncement of Petitioner sentence the Court stated Petitioner would need to register under SORNA, Counsel had a duty to object, preserving the issue for appeal. A reading of the Adam Walsh Act (Amended Portion - Amie Zyla Expansion) 34 U.S.C. 20911 (5)(C) states that it is not a sexual offense "if the victim was at least 13 years old and the offender was not more than 4 years older than the victim."

RESERVING RIGHT TO SUPPLEMENT MEMORADUM OF LAW:

Pursuant to Fed. R. Civ. P. RULE 15 - Amended and Supplemental Pleadings, Petitioner reserves his rights to amend the foregoing instant memorandum of law to include:

The Petitioner is not an attorney nor trained in law. The practice of law requires a doctorate level education, a passing BAR exam score, and a license, none of which Petitioner has. The foregoing memorandum of law emphasizes the ineffective assistance of counsel, grounds asserted in Petitioner's attached 28 USC 2255. However, Petitioner also asserts other grounds therein, but Petitioner was not able to complete and expand this memo of law on those grounds too due to time contraints as a result of Petitioner's recent September to October quarantine(s) for transfer from Fort Dix to FMC Devens.

Therefore, Petitioner hereby reserves all rights to have a post conviction attorney supplement this memorandum of law with any applicable legal arguments for the additional grounds listed therein Petitioner's 28 USC 2255.

I, Josiah Ferrebee, due hereby declare under the penalty of perjury, pursuant to 28 U.S.C. 1746, the foregoing facts presented are true and correct.

Dated: October 20, 2020

Signed:

Middlesex County

Josiah Ferrebee
Federal #: 75226-067
FMC Devens
P.O. Box 879
Ayer, MA 01432

# CERTIFICATE OF SERVICE

On the date signed below Petitioner mailed/served duplicate copies of this document upon the following persons via USPS First Class Mail:

1) David J. Freed
   United States Attorney
   235 North Washington Avenue
   Scranton, PA 18503

2) Elliot A. Smith
   Federal Public Defender
   201 Lackawanna Avenue
   Scranton, PA 18503

DATE: 10-20-20

SIGNED: _____
Josiah Ferrebee
Federal # 75226-067
Federal Medical Center Devens
P.O. Box 879
Ayer, MA 01432

7

Josiah Ferrebee
Federal # 75226-067
FMC Devens
P.O. Box 879
Ayer, MA 01432

RECEIVED
SCRANTON
OCT 26 2020
PER ___SD___
DEPUTY CLERK

LEGAL
MAIL

Peter Wel[sh]
Clerk of
William J.
235 North
Scranton,