# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 3:16-CR-0152 |
| | : | |
| v. | : | (Chief Judge Jones) |
| | : | |
| JOSIAH FERREBEE | : | Electronically filed |

## BRIEF IN SUPPORT OF MOTION
## FOR COMPASSIONATE RELEASE AND
## REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)

HEIDI R. FREESE, ESQ.
Federal Public Defender
Middle District of Pennsylvania

QUIN M. SORENSON, ESQ.
Assistant Federal Public Defender
TAMMY L. TAYLOR, ESQ.
Staff Attorney
Office of the Federal Public Defender
Middle District of Pennsylvania
100 Chestnut Street, Suite 306
Harrisburg, PA  17101
717-782-2237
quin_sorenson@fd.org

*Counsel for Defendant*

## INTRODUCTION

The defendant in this case suffers from a litany of serious and potentially life-threatening medical conditions. He now faces imminent risk of death due to his exposure to the virus known as COVID-19 at his place of incarceration. That risk constitutes an extraordinary and compelling reason for an immediate reduction in his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A).

## STATEMENT OF THE CASE

The defendant, Josiah Ferrebee, was convicted of production of child pornography, and sentenced on October 22, 2019, to a term of imprisonment of 180 months. Doc. 139. He has served approximately 54 months of that sentence and currently has a projected release date of March 15, 2029. Doc. 143 at 21-22. He is presently incarcerated at the Devens Federal Medical Center ("FMC Devens").

Mr. Ferrebee is 24 years old, and suffers from type 1 diabetes mellitus and hyperlipidemia. Ex. A at 2, 5, 9, 16, 28, 34, 37, 41. His blood sugar levels vary from 61 to 415 with no pattern. Ex. A at 28, 30. Mr. Ferrebee is prescribed insulin, lisinopril and glucose tablets. Ex A at 5, 42-45.

The risk associated with these medical conditions, significant in any event, has been exacerbated exponentially by Mr. Ferrebee's potential exposure to COVID-19 at the facility in which he is incarcerated. The Centers for Disease Control and Prevention of the U.S. Department of Health ("CDC") has identified persons suffering from preexisting medical conditions of the type experienced by Mr.

1

Ferrebee – including type 1 diabetes mellitus – as at a potential increased risk for severe illness or death from COVID-19,[1] and it has said that these risks are amplified for those in close contact with large groups of people, including specifically those persons who are incarcerated.[2]  The risks are particularly pronounced for Mr. Ferrebee, given that over 40 inmates at FMC Devens have tested positive for the virus over the last several months, with two dying from the disease.[3]

In light of these risks, which remain present and dangerous, Mr. Ferrebee submitted a request on October 22, 2020, to the warden at FMC Devens, requesting a reduction in his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A).  Doc. 143 at 11-12.  The warden did not grant the request.  Doc. 143 at 13.  He thereafter submitted a request for relief with this Court, which appointed the Office of the Federal Public Defender for the Middle District of Pennsylvania to represent Mr. Ferrebee in connection with the request.  Docs. 143, 144.

---

[1] CDC, *Coronavirus Disease 2019 (COVID-19): People Who Are At Higher Risk for Severe Illness* (June 25, 2020), *at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

[2] CDC, *Coronavirus Disease 2019 (COVID-19): Correctional and Detention Facilities* (April 9, 2020), *at* https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/faq.html.

[3] U.S. Bureau of Prisons, *COVID-19 Coronavirus* (Dec. 10, 2020), *at* https://www.bop.gov/coronavirus/.

This brief is offered in support of Mr. Ferrebee's request for a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A). Included as exhibits are medical records confirming Mr. Ferrebee's conditions, as well as prison records reflecting Mr. Ferrebee's good behavior in prison and low risk of recidivism. Ex. A; Doc. 143 at 17-18.

## STATEMENT OF THE ISSUE

Whether the defendant is entitled to a reduction in his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), in light of the extraordinary risks to his health and safety resulting from the recent outbreak of COVID-19.

## ARGUMENT

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), permits a court to reduce the sentence of any defendant – on motion of the defendant, if the U.S. Bureau of Prisons ("BOP") has refused to grant the defendant's request for a reduction within thirty days – if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Considerations relevant to this determination include the defendant's "medical condition," "age," and "family circumstances," but may also include any other consideration bearing on the defendant's health and well-being, as well as post-offense conduct, efforts at rehabilitation, and societal ties. U.S.S.G. § 1B1.13, app. notes; *see also* 28 U.S.C. § 994(t) (delegating authority to U.S. Sentencing Commission to define

3

"extraordinary and compelling reasons"). Once a defendant is deemed eligible for a reduction, the court applies the sentencing factors set forth in 18 U.S.C. § 3553(a) to decide upon the scope of the reduction. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

A reduction is warranted in this case. The serious and life-threatening risks posed to the defendant, Josiah Ferrebee, by his pre-existing medical conditions and his continued incarceration during the COVID-19 pandemic represent "extraordinary and compelling reasons" under the compassionate release statute, *see infra* Part I, and the sentencing factors of 18 U.S.C. § 3553(a) – including Mr. Ferrebee's efforts at rehabilitation and low risk of recidivism – support a significant reduction in his sentence, *see infra* Part II. The motion should be granted, and Mr. Ferrebee's sentence reduced to time served.

**I.    "EXTRAORDINARY AND COMPELLING REASONS" EXIST FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(C)(1)(A).**

The grounds supporting a reduction in Mr. Ferrebee's sentence can only be described as "extraordinary and compelling." His particular vulnerability to COVID-19 cannot seriously be questioned. He suffers from type 1 diabetes mellitus and hyperlipidemia. Ex. A. As a result of his pre-existing medical condition, Mr. Ferrebee has been classified by the CDC as at a potential increased risk of severe illness or death if exposed to COVID-19. *See supra* note 1.

The clear and present risks to Mr. Ferrebee are heightened immeasurably due to the explosion of COVID-19 cases in prisons across the country. More than 40 inmates have tested positive for COVID-19 at FMC Devens in the last several months, and two have died.[4] The death toll in federal prisons nationwide exceeds 150, and continues to rise.[5]

Other considerations confirm that this is an "extraordinary and compelling" case. Mr. Ferrebee has maintained clear conduct during his incarceration, and completed several educational courses. Doc. 143 at 7, 17

District courts, including this Court, have routinely found circumstances such as these to constitute "extraordinary and compelling reasons" under the compassionate release statute, entitling the defendant to a reduction in sentence. *See, e.g.*, *United States v. Ladson*, No. 04-697-1, 2020 WL 3412574 (E.D. Pa. June 22, 2020); *United States v. Rodriguez*, No. 2:03-CR-271-AB, 2020 WL 1627331 (E.D. Pa. Apr. 1, 2020); *United States v. Colvin*, No. 3:19-CR-019-JBA, 2020 WL 1613943 (D. Conn. Apr. 2, 2020); *United States v. Feucht*, No. 11-CR-60025, 2020 WL 2781600 (S.D. Fla. May 28, 2020); *United States v. McKinney*, No. 18-CR-

---

[4] U.S. Bureau of Prisons, *COVID-19 Coronavirus* (Dec. 14, 2020), *at* https://www.bop.gov/coronavirus/.

[5] U.S. Bureau of Prisons, *COVID-19 Coronavirus* (Dec. 14, 2020), *at* https://www.bop.gov/coronavirus/.

5

6035L, 2020 WL 2958228 (W.D.N.Y. June 4, 2020).  The Court should do the same here.

## II. THE SENTENCING FACTORS OF 18 U.S.C. § 3553(A) SUPPORT A SIGNIFICANT REDUCTION IN SENTENCE.

The scope of any reduction in sentence must be determined based upon the factors and purposes enumerated in 18 U.S.C. § 3553(a), including the needs to "provide just punishment for the offense," to "afford adequate deterrence" and "protect the public," and to "provide the defendant with needed … medical care." *Id.*  Those needs would be best advanced in this case by imposition of a modified sentence of time served.

Mr. Ferrebee has already served a substantial portion of his sentence – approximately 54 months out of 180 total.  While to be sure the offense of which he was convicted is serious, a sentence of 54 months is not far outside the range contemplated by federal law, and represents "just punishment."  And there is no reason to think that Mr. Ferrebee poses any risk of recidivism, or harm to the public.  His prison reports disclose no infractions or disciplinary issues; he has engaged in efforts at rehabilitation; and he has a low probability of reoffending. Doc. 143 at 17-18, 23; *cf., e.g.*, *Pepper v. United States*, 562 U.S. 476, 492 (2011) (post-offense developments provide "the most up-to-date picture" of the defendant's history and characteristics, and "shed[ ] light on the likelihood that [he or she] will engage in

future criminal conduct").]  The proposed sentence would thus "afford adequate deterrence" and "protect the public."

As to protecting the health of Mr. Ferrebee, early release is not only appropriate but necessary.  Mr. Ferrebee faces a serious present danger of illness or even death from incarceration, particularly with the spread of contagion, and that danger will only escalate the longer he is imprisoned.  By contrast, if released, Mr. Ferrebee could be placed under the supervision his father, Brian Ferrebee, who would be able to ensure not only that Mr. Ferrebee abides by any conditions imposed upon him, but also that he receives proper medical treatment.  Doc. 143 at 7-8, 20.  In this case, the most "needed … medical care" for Mr. Ferrebee is release from the extremely hazardous environment of prison, and into a more safe and stable setting.

The proposed sentence is "sufficient … but not greater than necessary" to meet the sentencing goals of 18 U.S.C. § 3553(a).  That is the modified sentence that should be imposed.

## CONCLUSION

For the foregoing reasons, the motion for compassionate release and reduction of sentence should be granted, and the defendant should be resentenced in accord with the sentence proposed in this brief.

Date:  December 15, 2020                    Respectfully submitted,

/s/ *Quin M. Sorenson*

HEIDI R. FREESE, ESQ.
Federal Public Defender
Middle District of Pennsylvania

QUIN M. SORENSON, ESQ.
Assistant Federal Public Defender
TAMMY L. TAYLOR, ESQ.
Staff Attorney
Middle District of Pennsylvania
100 Chestnut Street, Suite 306
Harrisburg, PA  17101
717-782-2237
quin_sorenson@fd.org

*Counsel for Defendant*

8

...

...

## CERTIFICATE OF SERVICE

I, Quin M. Sorenson, Esquire, of the Federal Public Defender's Office, certify that I caused to be served on this date a copy of the foregoing filing via electronic case filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

Francis P. Sempa, Esquire
United States Attorney's Office
*fran.sempa@usdoj.gov*

Date: December 15, 2020            /s/ *Quin M. Sorenson*
                                   QUIN M. SORENSON, ESQUIRE
                                   Assistant Federal Public Defender