UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| -vs- | : | No. 3: CR-16-152 |
| | : | |
| JOSIAH FERREBEE, | : | |
| Defendant | : | |

# GOVERNMENT'S RESPONSE TO
# MOTION TO VACATE UNDER 28 U.S.C. § 2255

## FACTS AND PROCEDURAL HISTORY

On February 11, 2016, a minor female victim (Victim #1) was interviewed by Detective Ritter of the Grand Traverse County Sheriff's Office. Victim #1 advised Det. Ritter that she was home on January 26, 2016, in her living room sitting on the couch when she received an online message from somebody that she did not know named "jokester" (later identified as Josiah Ferrebee). Victim #1 did not remember the full user name of the person who sent the message, but remembered the title of it was "killing myself." Victim #1 stated that during the conversation, Ferrebee asked her to take photos of herself, which she did. Victim #1 advised that she gave Ferrebee information about herself and Ferrebee

1

threatened to post it if she did not give more information or send pictures. Victim #1 stated that while she was inside the bathroom, she did take photos of herself without her clothes on, including photos of her breasts and vagina, at Ferrebee's direction. Victim #1 also stated that Ferrebee demanded that she do certain things to herself, which included using scissors to cut herself, and she complied with his demands.

Forensic analysis of Victim #1's Apple iPod (model ME179), which was utilized to have this conversation, revealed images of Victim #1 that she took of herself and sent to the individual utilizing the name "killing myself" (Ferrebee). These photos of Victim #1 included images of herself with no clothes on and images of her vagina and bare breasts. The conversation between Victim #1 and "killing myself" (Ferrebee) started on January 26, 2016 at 18:34 hours Eastern Standard Time and ended on January 26, 2016 at 20:14 hours Eastern Standard Time. Agents reviewed the thread of text messages as well as the images Ferrebee instructed Victim #1 to take and send and discovered several images depicting child pornography. In the text conversations, Ferrebee engaged in "sextortion" by threatening to post nude images of the victim unless that victim took and sent more pornographic images to him. Ferrebee repeatedly instructed the victim as to nature of the images he wanted her

to take and send to him, including close-up images of her vagina, images of her placing objects (hair straightener, toothbrush, scissors) inside her vagina, and ordering her to cut her breast near her nipple and show him an image so he could view the blood on her bare breast.

On June 3, 2016, agents interviewed Josiah Ferrebee at his residence in Pine Grove, Pennsylvania. Ferrebee agreed to be interviewed and was not taken into custody. Ferrebee was shown the text messages with the victim and admitted that he sent the above-described messages to the 15-year-old victim. Ferrebee admitted that he manipulated the 15-year-old girl into sending him pornographic images of herself by threatening to post earlier images she sent to him. He stated that he does this with 15-year-olds and younger girls because they are easier to manipulate. Ferrebee further stated that he had engaged in similar conduct with at least five other girls aged 15 and younger—the youngest being age 13. He admitted to being sexually aroused by such images.

On May 9, 2019, Ferrebee pleaded guilty to production and attempted production of child pornography, 18 U.S.C. Section 2251(a) and (e), pursuant to a plea agreement. On October 22, 2019, Ferrebee was sentenced to 15 years in prison, the mandatory minimum sentence, to be followed by five years of supervised release. The government at

sentencing recommended a prison sentence within the advisory guideline range of 210-262 months. Counsel for Ferrebee successfully persuaded the court to impose a sentence 30 months below the bottom of the advisory guideline range.

On October 26, 2020, the defendant filed his pro se petition to vacate under 28 U.S.C. § 2255. In his petition, which is dated October 20, 2020 and was apparently placed in the mail that same day, Ferrebee claims that he was denied effective assistance of counsel because (1) counsel failed to advise him to accept the government's plea offer of 12.5 years (there was no such formal plea offer) and (2) counsel failed to file a timely appeal. The defendant does not claim that he is innocent. Instead, he seeks to have his sentence vacated and to be resentenced.

ARGUMENT

Motions filed pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. Davis v. United States, 417 U.S. 333, 343 (1974); O'Kereke v. United States, 307 F.3d 117, 122-23 (3d Cir. 2002). Section 2255 does not, however, afford a remedy for all errors that may have been made at trial or sentencing.

4

United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993).  "The alleged error must raise 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  Id. (quoting United States v. Hill, 368 U.S. 424, 428 (1962)).  There are four grounds upon which relief may be claimed: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack.  Hill, 368 U.S. at 426-27 (citing 28 U.S.C. § 2255).

Generally, a habeas petitioner cannot assert a claim under section 2255 that he failed to raise on direct appeal.  United States v. Frady, 456 U.S. 152, 165 (1982) (explaining that such claims are procedurally defaulted, which can only be overcome if the petitioner shows cause and prejudice); see also United States v. Iglesias, 2010 U.S. Dist. LEXIS 136184, *9-10 (E.D. Pa. 2010).  However, this rule does not apply to claims of ineffective assistance of counsel.  See Massaro v. United States, 538 U.S. 500, 504 (2003) ("We hold that ineffective-assistance- of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."); United States v. DeRewal, 10 F.3d 100, 105 (3d Cir. 1993); United States v.

Edwards, 2000 U.S. Dist. LEXIS 6419, *5 n.4 (E.D. Pa. 2000) (explaining that "[p]art of the rationale behind this holding is that where ... trial counsel also represents a defendant on direct appeal, trial counsel is unlikely to raise the issue of her own effectiveness on appeal"). Additionally, "[o]nce a legal argument has been litigated and decided adversely to a criminal defendant at his trial and on direct appeal, it is within the discretion of the district court to decline to reconsider those arguments if raised again in collateral proceedings under 28 U.S.C. § 2255." United States v. Orejuela, 639 F.2d 1055, 1057 (3d Cir. 1981) (reasoning that there are "strong policies favoring finality in litigation and the conservation of scarce judicial resources"), citing Kaufman v. United States, 394 U.S. 217, 227 n.8 (1969) (stating that "where the trial or appellate court has had a 'say' on a federal prisoner's claim, it may be open to the § 2255 court to determine that on the basis of the motion, files, and records, 'the prisoner is entitled to no relief'"); see also Iglesias, 2010 U.S. Dist. LEXIS 136184 at *10. Further, "ineffective assistance of counsel claims cannot be used to indirectly challenge prior rulings in this case; such claims must relate to the performance of counsel." United States v. Zemba, 2007 U.S. Dist. LEXIS 15305, *8-9 (W.D. Pa. 2007); see also Burnett v. United States, 2010 U.S. Dist. LEXIS 110579, *6-7

(D.N.J. 2010) (denying the section 2255 motion, finding that because the Third Circuit Court of Appeals previously denied the petitioner's claim on the merits, he could not demonstrate that appellate counsel was ineffective for failing to raise the claim, and, further, that the petitioner could not "relitigate the merits of that claim before this Court.

To establish counsel's ineffectiveness, a petitioner must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the performance was prejudicial to the defense. Strickland v. Washington, 466 U.S. 668 (1984). There is a strong presumption that counsel is effective and the courts, guarding against the temptation to engage in hindsight, must be "highly deferential" to counsel's reasonable strategic decisions. Marshall v. Hendricks, 307 F.3d 36, 85 (3d Cir. 2002), cert. denied, 538 U.S. 911 (2003). The mere existence of alternative, even more preferable or more effective, strategies does not satisfy the first prong of the Strickland test. Id. at 86. To establish prejudice under the second prong, the petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Roe v. Flores-Ortega, 528 U.S. 470, 482 (2000) (quoting Strickland, 466 U.S. at 694). It is not necessary for the court to "guarantee each defendant a perfect trial with

7

optimally proficient counsel, but rather to guarantee each defendant a fair trial, with constitutionally competent counsel." Id. at 85. The court must consider the totality of the evidence and the burden is on the petitioner. Strickland, 466 U.S. at 687, 695.

To establish prejudice in the context of a guilty plea, movant must show that there is a "reasonable probability that, but for counsel's unprofessional errors," he would not have entered a guilty plea and would have insisted on going to trial. *Strickland,* 466 U.S. at 694; *Hill v. Lockhart,* 474 U.S. 52, 58–59, (1985); *Allen v. Sec'y Fla. Dep't of Corr.,* 611 F.3d 740, 762 (11th Cir.2010); *Bethel v. United States,* 458 F.3d 711, 717 (7th Cir.2006); *Wyatt v. United States,* 574 F.3d 455, 457 (7th Cir.2009). In addition, the Third Circuit has specifically held that "[a] defendant alleging ineffectiveness of counsel must make more than a bare allegation that but for counsel's error he would have pleaded not guilty and gone to trial." *Parry v. Rosemeyer,* 64 F.3d 110, 118 (3d Cir.1995).

When a petitioner brings a motion pursuant to section 2255, the district court has discretion whether to conduct a hearing, but is not required to hold an evidentiary hearing if "the motion and files and

records of the case show conclusively that the movant is not entitled to relief." United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005); see also Essig, 10 F.3d at 976 (stating that only where the petition raises an issue of material fact must the court hold a hearing to determine the truth of the allegations); Zettlemoyer v. Fulcomer, 923 F.2d 284, 300-02 (3d Cir. 1991) (refusing to hold an evidentiary hearing on the petitioner's section 2255 ineffectiveness claim "absent identification of some facts that support a contention of ineffectiveness, because to do so will encourage meritless petitions burdening judicial resources"). "A hearing is necessary only where the record does not resolve factual allegations, such as in a situation where allegations relate primarily to purported occurrences outside the courtroom upon which the record can shed no real light." United States v. Jackson, 2006 U.S. Dist. LEXIS 83163, *18-19 (E.D. Pa. 2006) (concluding that a hearing was not required because the petitioner pointed to no evidence outside of the record that had a bearing upon his claims), citing Machibroda v. United States, 368 U.S. 487, 494-95 (1962); United States v. Campisi, 583 F.2d 692, 695 (3d Cir. 1978). In the absence of a hearing, the district judge must accept the movant's allegations as true unless they are clearly frivolous on the basis of the existing record. Gov't. of Virgin Islands v. Bradshaw, 726 F.2d

115, 117 (3d Cir. 1984). The Court need not accept as true "allegations that are unsupported by specifics [or] wholly incredible in the face of the record." Patton v. United States, 2010 U.S. Dist. LEXIS 80913, *4 (W.D. Pa. 2010) (citing United States v. Estrada, 849 F.2d 1304, 1307 (10th Cir. 1988)).

Ferrebee first claims that the government formally offered a guilty plea resolution in which the defendant would be sentenced to 12.5 years in prison, and that counsel advised him to reject the offer. When addressing a guilty plea, counsel is required to give a defendant enough information " 'to make a reasonably informed decision whether to accept a plea offer.' " Shotts v. Wetzel, 724 F.3d 364, 376 (3d Cir.2013) (quoting United States v. Day, 969 F.2d 39, 43 (3d Cir.1992)), cert. denied, —— U.S. ——, 134 S.Ct. 1340, 188 L.Ed.2d 346 (2014). We have identified potential sentencing exposure as an important factor in the decision making process, stating that "[k]nowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty." Day, 969 F.2d at 43. In order to provide this necessary advice, counsel is required "to know the Guidelines and the relevant Circuit precedent...." United States v. Smack, 347 F.3d 533, 538 (3d Cir.2003). However, "an erroneous

sentencing prediction by counsel is not ineffective assistance of counsel where ... an adequate plea hearing was conducted." United States v. Shedrick, 493 F.3d 292, 299 (3d Cir.2007).

The government in this case, however, never offered a plea resolution where it agreed to recommend a 12.5 year sentence. Counsel for Ferrebee in an attached sworn affidavit confirms that no such offer was made. Ferrebee has offered nothing in support of this claim. It is baseless, unsupported by the record, and expressly contradicted by his counsel. United States v. Adigun, 797 F. App'x 700, 703 (3d Cir. 2020) (counsel cannot be ineffective for advice concerning a non-existent plea offer).

Moreover, the signed plea agreement and the record of the guilty plea hearing demonstrates that Ferrebee entered a knowing, intelligent and voluntary plea. In the plea agreement, Ferrebee agreed to plead guilty to production and attempted production of child pornography and understood that he faced a mandatory minimum sentence of 15 years in prison and a potential maximum sentence of 30 years in prison. (Doc. 127 p. 1-2). Ferrebee also stated in the plea agreement that he was satisfied with the assistance of counsel. (Doc. 127 p. 29). Paragraph 33 of the plea agreement states the following:

> This document states the complete and only Plea Agreement between the United States Attorney for the Middle district of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral. This agreement cannot be modified other than in writing that is signed by all parties or on the record in court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement. (Doc. 127 p. 29).

At the guilty plea hearing, Judge Munley conducted an extensive and thorough plea colloquy that fully advised Ferrebee of his right to continue to plead not guilty and proceed to trial. (Guilty Plea Hearing 5/9/2019 at pp. 3-8). After being advised of those rights, after a factual basis that Ferrebee admitted to was placed on the record, and after the elements of the offense were explained to him and the key terms of the plea agreement were placed on the record, Ferrebee formally entered a

plea of guilty. (Guilty Plea Hearing pp. 8-18). At the hearing, Ferrebee acknowledged that he read and understood the terms of the plea agreement, had sufficient time to go over the plea agreement with counsel, and had no questions regarding the plea agreement. (Guilty Plea Hearing p. 12). Ferrebee also acknowledged that he was entering the guilty plea of his own free will, that no one forced, induced, threatened or cajoled him into pleading guilty. (Guilty Plea Hearing p.11).

Ferrebee's guilty plea was knowing, intelligent, and voluntary. There was no plea offer of a 12.5-year sentence and counsel never advised Ferrebee to reject the non-existent plea offer. Here, there was no unprofessional error committed by counsel, therefore there is no reasonable probability that but for counsel's error the defendant would not have pleaded guilty. Indeed, Ferrebee is requesting that his sentence be vacated and that he be resentenced, not that he be permitted to withdraw his guilty plea. As noted above, the defendant does not claim he is innocent.

Ferrebee's second claim is that counsel failed to file an appeal after Ferrebee requested him to do so. This claim, too, is meritless. Counsel has signed an affidavit stating that he discussed a potential appeal with Ferrebee and Ferrebee's family members and after that discussion

Ferrebee decided not to file an appeal.

The Third Circuit Court has held that when a defendant claims that he requested his lawyer to file a notice of appeal, he is entitled to a hearing to have the court determine whether he made such a request and his counsel failed to honor it, unless the defendant's allegations are contradicted conclusively by the record or the allegations are patently frivolous. United States v. Solis, 252 F.3d 289, 295 (3d Cir. 2001); United States v. Morin, 2006 WL 527808 (3d Cir. March 2, 2006) (not precedential); United States v. Allen, 85 Fed. Appx. 313 (3d Cir. 2004) (not precedential). The record in the case contains an affidavit by Ferrebee's counsel which directly contradicts Ferrebee's claim. And Ferrebee has produced nothing to support his allegation that the government offered a plea agreement for a 12.5-year sentence. Moreover, the plea agreement and guilty plea hearing demonstrate that there was no other plea offer and that the defendant's plea was knowing and voluntary. In the plea agreement, the defendant stated he understood that even if there had been other previous plea offers (which there were not), this plea agreement superseded all such offers. The government submits, therefore, that the defendant's allegation is "conclusively

contradicted by the record." Furthermore, as set forth below, Ferrebee's substantive underlying claims that counsel advised him to reject a plea offer from the government for a 12.5 year sentence is "patently frivolous" since both the government and counsel confirm that no such offer existed, and Ferrebee claims that he learned of the offer because counsel informed him about it. In the words of the Third Circuit Court in Solis, "a defendant would not be entitled to a hearing if his allegations were contradicted conclusively by the record, or if the allegations were patently frivolous." 252 F.3d at 295. Therefore, this court should dismiss the motion without a hearing. See also Sarroca v. United States, 250 F.3d. 785, 787-88 (2d Cir. 2001)(counsel's failure to consult with the defendant about an appeal was not ineffective assistance because the defendant never asked for an appeal, pleaded guilty, and raised only frivolous arguments in motion to vacate his sentence).

For all of the reasons explained above, this court should deny, without a hearing, the defendant's motion under Section 2255, and deny a certificate of appealability.

                              Respectfully submitted

                              BRUCE D. BRANDLER
                              Acting U.S. Attorney

                              /s/ Francis P. Sempa
                              FRANCIS P. SEMPA
                              Assistant United States Attorney
                              ID No. 41294
                              P.O. Box 309
                              Scranton, PA 18501-0309
                              570-348-2800 (telephone)
                              fran.sempa@usdoj.gov

Dated: May 27, 2021

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| -vs- | : | No. 3: CR-16-152 |
| | : | |
| JOSIAH FERREBEE, | : | |
| Defendant | : | |

## CERTIFICATE OF SERVICE

I, Christina Nihen, a Legal Assistant in the United States Attorney's Office, hereby certify that I served a copy of the foregoing

**GOVERNMENT'S RESPONSE TO
MOTION TO VACATE UNDER 28 U.S.C. § 2255**

by First Class U.S. Mail to the following:

**Josiah Ferrebee**
75226-067
FMC Devens
OPEN IN THE PRESENCE OF THE INMATE ONLY
PO Box 879
Ayer, MA 01432
PRO SE


/s/ Christina Nihen
CHRISTINA NIHEN
Legal Assistant

Date: May 27, 2021