FILED
HARRISBURG, PA
OCT 29 2021
PER _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSIAH FERREBEE,<br>Defendant | 3:16-CR-152<br>3:20-CV-1972<br><br>Hon. Jennifer P. Wilson |

## DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO VACATE UNDER 28 U.S.C. § 2255

NOW COMES, Josiah Ferrebee, "Defendant", who humbly submits his reply to the Government's response to his Motion to Vacate, pursuant to 28 U.S.C. § 2255. As the Defendant is pro se, he requests this Honorable Court hold this pleading to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519 (1972); and "interpret [the Defendant's] pleading as to raise the strongest arguments that they suggest." Tefra v. Colvin, 61 F. Supp. 3d 207 (D. Mass. Nov. 25, 2014)

## ARGUMENT

# PART I - INEFFECTIVE COUNSEL

Ineffective counsel is tested under Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), using a two-prong test; (1) that counsel's representation not fall below and objective standard of reasonablness and (2) and difinciencies in counsel's performance are not prejudicial to the defense. United States v. Stubbs, 757 Fed. Appx. 159 (3rd Cir 2018).

In the present case, while the defendant was incarcerated at the Lackawanna County Prison (Scranton, PA) in 2019, defense counsel, Joseph A. O'Brien, Esq. ("O'Brien") made multiple visits to the defendant with the object to discuss plea negotiations. During these visits, defense counsel relayed an offer of 12.5 years, to which counsel stated he would push for 10 years. At no time did counsel advise that the Government could withdrawl from plea negotiations or offer a higher plea should defense counsel counter the current offer. Shortly after said visit, O'Brien visited the defendant again relaying that the Government made a plea offer of 17.5 years. These visits were less than five (5) minutes in duration.

It was the defendant's best knowledge that with an offer of 12.5 years that Count 1 (18 U.S.C. § 2251(a)) would be dropped and he would plead to Count 2 (18 U.S.C. § 2242(b)) which holds a mandatory minimum sentence of 120 months (10 years), unlike Count 1 that holds a mandatory minimum of 180 months (15 years).

After the 17.5 year offer, the defendant rejected and soon after filed a motion to appear pro se. Prior to appearing before the late Honorable James Munley, O'Brien met with the Court to discuss

a potential plea agreement of 15 years. After this meeting the Assistant U.S. Attorney, Francis Sempa, gave O'Brien a written plea agreement to which was signed by the defendant that same day. A change of plea hearing was held where the defendant pleaded guilty to 18 U.S.C. § 2251(a), and to withdrawl Count 2, 18 U.S.C. § 2242(b).

The defendant was not informed of potential consequences for rejecting the plea offer of 12.5 years. As a result, the defendant settled for a plea agreement of 15 years. Should defense counsel have had informed the defendant of the consequences, he would have accepted the 12.5 year offer and not settled for 15 years.

The defendant's family, in an attached declaration, confirms communicating with defense counsel about the 12.5 year offer and that a higher plea offer was given by the Government after the 12.5 year offer. Family also offers that they advised to take the 12.5 year sentence to the defendant.

"A defense lawyer in a criminal case has the duty to advise his client fully of whether a particular plea to a charge appears to be desirable." Citing ABA Ethical Considerations 7-7 (1992). The plea bargain stage is critical staging at which the right to effective assistance of counsel attaches. See <u>United States v. Day</u>, 969 F.2d 39 (1992). A defendant has the right to make a reasonably informed decision whether to accept a plea offer. Knowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty.

The defendant seeks relief based on attorney O'Brien's ineffective assistance in failing to discuss his sentence exposure at the time of his 12.5 year plea offer. It was not disclosed to the defendant that (1) he would be negotiating under the lesser included offense and (2) that the charge of 18 U.S.C. § 2251(a) could be dropped.

The Sixth Amendment guarentee of effective counsel extends to plea bargaining, Lafler v. Cooper, 566 U.S. 156, 132 S. Ct. 1376, 182 L. Ed. 2d. 398 (2012), including to plea offers that were rejected. Claims of ineffective assistance during plea bargaining are analyzed under the Strickland standard, requiring performance below and objective standard of reasonableness and prejudice.

To effectivily assist their clients in the plea bargaining process, counsel must provide defendant's facing a potential guilty plea "enough information 'to make a reasonably informed decision whether to accept a plea offer'." United States v. Bui, 795 F. 3d. at 367 (quoting Sholls v. Wetzer, 724 F. 3d. 364, 376 (3d. Cir. 2013)). The courts have previously identified one particularly important piece of information for that decision: "Knowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty." Day, 969 F.3d 3943 (3d. Cir. 1992). This obligation counsel not only to communicate the statutory maximums and minimums, but also requires counsel "to know the Guidelines." Bui, 795 F. 3d. at 367 (quoting United States v. Smak, 347 F.3d. 533, 538 (3d. Cir. 2003)). That said, counsel's obligations to explain possible sentence outcomes are

not all-encompassing. Counsel need not provide "anything approaching a detailed exegesis of the myraid arguably relevant nukes of the Guidelines." Day, at 43, "nor must he give "an exact number or close estimate of the maximum sentencing exposure." Sholls, 724 F.3d. at 376. See also United States ex rel Caruso v. Zelinsky, 689 F.2d 435 (3d Cir. 1982) (holding that counsel's failure to convey a plea bargain offer would violate the defendant's Sixth and Fourteenth Amendment rights) accord Missouri v. Frye, 132 S. Ct. 1399, 1408, 182 L. Ed. 2d 379 (2012) ("[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea and terms and conditions that may be favorable to the accused.") Valentin-Morales v. Mooney, 2014 U.S. Dist. LEXIS 134266 (E.D. Pa. Sept. 24, 2014).

    An evidentary hearing should be held on 28 U.S.C. § 2255 motion alleging misrepresentation by counsel in guilty plea negotiation. United States v. Valenciano, 495 F.2d 825 (3rd Cir. 1974). See also United States v. Chacon-Palomares, 208 F.3d. 1137 (9th Cir. 2000); Hernandez-Negron v. United States, 175 F. Supp. 2d. 148 (D.P.R. 2001).

## CONCLUSION

    WHEREFORE, for reasons herby set forth above, an evidentary hearing should be held to determine if there was in fact ineffective assistance of counsel in this case.

    I Josiah Ferrebee, Defendant, do hearby submit that the facts set forth above are true and correct to the best of my

knowledge, under the penalty of perjury.

Respectfully Submitted,

Dated: October 25, 2021

Josiah Ferrebee, Defendant
Reg. No 75226-067
FMC Devens
P.O. Box 879
Ayer, MA 01432

## CERTIFICATE OF SERVICE

I, Josiah Ferrebee, Defendant, hereby certify that I served a copy of the foregoing Defendant's reply to Government's response to AUSA Francis Sempa and all parties on record in and through the United States District Court Clerk's Office.

Dated: October 25, 2021

Josiah Ferrebee,
Defendant

Declaration by Kathy DeAngelo

I, Kathy DeAngelo, do hereby declare that the following statements are true and correct:

1. I am Josiah Ferrebee's mother.
2. I am a resident of Lebanon County, Pennsylvania.
3. I am aware through communications with Josiah and his attorney, Joseph O'Brien, of the government's plea offer of 12 ½ years.
4. I advised Josiah to take the 12 ½ year plea agreement.
5. I recall Mr. O'Brien stating that if Josiah took the 12 ½ year offer, that the judge could not give less than 15 years because of a sentencing minimum.
6. I recall that after the 12 ½ year offer, the prosecutor was seeking to give my son a greater sentencing of 17 years, even at the time of sentencing.
7. I attended a meeting with the prosecutor where I recall my son being told that if he didn't accept the plea offer, that he would get a lot more time if it went to trial.

Date: 10/4/21

Kathy DeAngelo

Kathy DeAngelo

1465 Suedberg Road

Pine Grove, PA 17963

570-294-3692

Page 1 of 1

To Whom It May Concern, 10-25-21

    I respectfully request for the enclosed reply to be filed by your office and a copy given to all parties on record, including but not limited to:

- Honorable Jennifer P. Wilson
- Francis Sempa, AUSA.

Your time and effort is greatly appreciated.

Respectfully,

*[signature]*

Josiah Ferrebee
75226-067
FMC Devens
P.O. Box 879
Ayer, MA 01432

Josiah Ferrebee, 75226-067
FMC Devens
P.O. Box 879
Ayer, MA 01432

RECEIVED
HARRISBURG, PA
OCT 29 2021
PER _____
DEPUTY CLERK

RECEIVED
HARRISBURG, PA
OCT 28 2021
PER _____
DEPUTY CLERK

Office of the Clerk
U.S. Courthouse
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108